This is a child custody case.
The parties to this proceeding were divorced on September 28, 1977 by the Circuit Court of Morgan County for incompatibility of temperament. Custody of two minor female children was awarded to the father, with reasonable visitation rights in the mother. On October 14, 1977 plaintiff-mother filed a motion seeking to "alter, amend or vacate the judgment" of divorce and asking for custody of the two minors. Defendant answered by suggesting that the motion had remained pending for more than ninety days and should be deemed denied by operation of Rule 59.1, ARCP. Subsequently, plaintiff amended her motion to request a modification of the divorce decree based on changed circumstances.
Hearings were conducted in March and April 1978 during which extensive oral testimony was heard by the court. On May 1, 1978 the circuit court rendered a decree wherein it modified the prior decree and *Page 505 
awarded temporary legal custody of the children to the Department of Pensions and Security with actual, physical custody in the father. The father's physical custody was based on his compliance with certain conditions imposed by the decree, such as close supervision by the Department of Pensions and Security.
Within thirty days of this modification decree and, more specifically, on May 17, 1978, the plaintiff-wife filed a motion for a new trial or in the alternative to alter, amend or vacate the judgment. Several grounds were assigned as justification for the motion. The trial court on May 19, 1978 set the matter for hearing on August 16, 1978 and directed DPS to make investigation of the homes of the parties and the home of the maternal grandparents. A hearing was held before the court, at which oral testimony was heard and the reports made by DPS were received; the court thereupon, on August 23, 1978, denied the motion.
Notice of appeal to this court was filed in the trial court on October 3, 1978.
Although there is no motion to dismiss the appeal filed in this court, it is nevertheless incumbent upon this court to establish its own jurisdictional authority to accept and decide a case on appeal. Helms v. Helms, 50 Ala. App. 453,280 So.2d 159 (1973); Mears v. Nail, 54 Ala. App. 610, 311 So.2d 435
(1975).
Rule 4 (a)(1) and (3), ARAP, provides that appeals from final judgments or post-trial motions filed pursuant to Rules 50, 52 and 59, ARCP, must be taken within forty-two days of said judgment or orders.
The post-trial motion filed on May 17, 1978, which was within thirty days of the final judgment entered on May 1, 1978, was a Rule 59 (a) and 59 (e) motion and was denied by the trial court on August 23, 1978. However, the record before us does not show that the Rule 59 motion was kept alive as required by Rule 59.1, ARCP.
Rule 59.1 is, in pertinent part, as follows:
 No post-trial motion filed pursuant to Rules 50, 52 or 59 shall remain pending in the trial court for more than 90 days, unless with the express consent of all the parties, which consent shall appear of record, or unless extended by the appellate court to which an appeal of the judgment would lie, and such time may be further extended for good cause shown. A failure by the trial court to dispose of any pending post-trial motion within the time permitted hereunder, or any extension thereof, shall constitute a denial of such motion as of the date of the expiration of the period.
The motion remained pending in the trial court for more than ninety days, i.e. the ninetieth day was August 15, 1978, and the record fails to show that the parties expressly agreed for the motion to remain pending beyond August 15, 1978. As a consequence, the motion is deemed denied on the ninetieth day,i.e. August 15, 1978. Personnel Board for Mobile County v.Bronstein, Ala.Civ.App., 354 So.2d 8 (1977).
Rule 4 (a)(3), ARAP, provides that if a post-trial motion is deemed denied by the expiration of ninety days as provided in Rule 59.1, ARCP, the time for appeal shall be computed from the date of denial of the post-trial motion under Rule 59.1. In the present case that time would have run on September 26, 1978. The notice of appeal was filed on October 3, 1978, which was seven days too late. As a consequence, we have no alternative but to dismiss the appeal ex mero motu, for we have no jurisdiction in this case. State v. Wall, Ala., 348 So.2d 482
(1977).
We would point out, as did Judge Holmes in Personnel Boardfor Mobile County v. Bronstein, supra, that the drafters of Rule 59.1, ARCP, probably did not intend the rule to have the effect that it does have in this case, i.e. the appeal is untimely because the parties failed to expressly agree of record that the trial judge could set the motion for hearing on a day that is beyond the ninety day period envisioned by Rule 59.1. Nevertheless, until Rule 59.1 is altered or amended, the result can be no different from the one reached here, for the reason that we consider the language of the rule to be clear and explicit. *Page 506 
Appellant's request for attorney's fee on appeal is denied.
APPEAL DISMISSED.
WRIGHT, P.J., and HOLMES, J., concur.