This appeal arises under the Alabama Administrative Procedure Act, Ala. Code 1975, § 41-22-1, et seq. (act), from an administrative hearing decision by the Alabama *Page 539 
Medicaid Agency (agency) denying applicant's medicaid benefits for three months. The circuit court found that the applicant's notice of appeal was untimely and dismissed the appeal. The applicant now appeals to this court.
The dispositive issue on appeal is whether or not the circuit court erred in dismissing the appeal.
The record in pertinent part reveals that on January 16, 1987, the applicant was notified that she was disqualified from receiving medicaid benefits for a period of three months. The applicant then filed an application for rehearing on January 27, 1987. By letter dated March 10, 1987, the applicant was advised of the denial of her rehearing and notified that judicial review could be had under the act. On April 15, 1987, the agency received applicant's notice of appeal by letter dated April 9, 1987.
The applicant contends that the period of time within which she had to file her notice of appeal ran from March 10, 1987, the date the agency sent the letter notifying applicant of their decision. The agency, however, contends that the time to file the notice of appeal ran from the date the application for rehearing was deemed denied by law, February 26, 1987.
The applicable provisions of the act are as follows:
 "(a) Any party to a contested case who deems himself aggrieved by a final order and who desires to have the same modified or set aside may, within 15 days after entry of said order, file an application for rehearing, which shall specify in detail the grounds for the relief sought therein and authorities in support thereof.
". . . .
 "(e) . . . . If the agency enters no order whatsoever regarding the application within the 30-day period, the application shall be deemed to have been denied as of the expiration of the 30-day period. (Acts 1981, No. 81-855, p. 1534, § 17.)"
Sections 41-22-17(a) and (e).
 "(a) A person who has exhausted all administrative remedies available within the agency (other than rehearing) and who is aggrieved by a final decision in a contested case is entitled to judicial review under this chapter. A preliminary, procedural, or intermediate agency action or ruling is immediately reviewable if review of the final agency decision would not provide an adequate remedy.
". . . .
 "(d) The notice of appeal or review shall be filed within 30 days after the receipt of the notice of or other service of the final decision of the agency upon the petitioner or, if a rehearing is requested under section 41-22-17, within 30 days after the decision thereon."
Sections 41-22-20(a) and (d).
It is clear from the above provision that if the agency does not enter an order within thirty days of the filing of the application for rehearing, the application is deemed denied by operation of law at the expiration of the thirty-day period. Ala. Code 1975, § 41-22-17(e). Further, the statute is clear that the applicant is required to file the notice of appeal within thirty days after the decision on the application for rehearing. Ala. Code 41-22-20(d).
Here, the application for rehearing was filed on January 27, 1987, and by operation of law was deemed denied on February 26, 1987. Therefore, pursuant to the act, the notice of appeal should have been filed within thirty days from February 26, 1987. As this was not done, the trial court did not err in dismissing the appeal.
Additionally, we agree with the trial court's apt and concise analogy, which follows:
 "Appeals from agency decisions are purely statutory, and the time constrictions must be satisfied. Although this result may seem harsh at first blush, our Rules of Civil Procedure have a similar mechanism embodied in Rule 59.1, A.R.Civ.P. A motion for new trial, et cetera, is deemed denied if not ruled on within 90 days. The fact that a court may enter an order after the 90 day period ruling on the motion has no effect in determining the date that the notice of appeal *Page 540 
must be filed. The order is a mere nullity. Olson vs. Olson, 367 So.2d 504 (Ala.Civ.App. 1979)."
We further note that this case is factually distinguishable from Ex parte Four Seasons, Ltd., 450 So.2d 110 (Ala. 1984). InEx parte Four Seasons, the supreme court held that the secretary actively misrepresented in the notice to the taxpayer that the final decision was "this date." No such active misrepresentation occurred in the instant case. The letter dated March 10, 1987, to the applicant simply stated that the rehearing was denied and advised the applicant that judicial review was pursuant to the act.
In view of the above, it is clear that the circuit court did not err in dismissing the applicant's petition for review in that she failed to timely file her notice of appeal pursuant to the act.
This case is due to be affirmed.
AFFIRMED.
BRADLEY, P.J., and HOLMES, J., concur.