ROBERT P. BRADLEY, Retired Appellate Judge.
This is an appeal from a judgment establishing a partnership and denying the existence of a constructive trust.
On August 15, 1988 Gerald Stephens and Kathy V. Stephens filed an action in the Circuit Court of St. Clair County, Alabama against Herman C. Stephens and Lavonia L. Boduc a/k/a Lavonia L. Stephens, alleging the existence of a partnership between them and seeking dissolution of this alleged partnership. The plaintiffs also sought an accounting of partnership assets and liabilities, as well as the sale and division of a certain described parcel of property. The defendants answered and counter *502 claimed, seeking to be named equitable owners of the property in question.
After an ore tenus proceeding, the trial court entered an order on October 11, 1989 in which it held that a partnership had indeed been established between Herman and Gerald Stephens. The trial court's order disposed of certain assets of the partnership, including the real property purchased by Herman Stephens.
On November 10, 1989 Herman Stephens filed a motion to alter, amend, or vacate the judgment pursuant to Rule 59(e), Alabama Rules of Civil Procedure, and this motion was set for hearing. On January 16, 1990 Gerald Stephens filed a motion for continuance of the hearing on the Rule 59(e) motion. On March 22, 1990 the trial court entered an order, which had been agreed to by the plaintiff and defendant, extending for 30 days the authority to rule on the Rule 59(e) motion.
According to Rule 59.1, A.R.Civ.P., a Rule 59(e) motion shall not remain pending in the trial court for more than 90 days, unless there appears of record the express consent of all the parties to extend the time or unless the appellate court to which the appeal lies extends the time for the trial court to rule.
As noted above, the Rule 59(e) motion was filed on November 10, 1989. The agreement of the parties to extend the time for a ruling by the trial court does not appear of record until March 22, 1990. Obviously, more than 90 days expired before the parties agreed to the extension of time; consequently, the trial court did not have jurisdiction to ratify this agreement and its March 22 order was a nullity. There being no valid agreement to the contrary, the Rule 59(e) motion was denied by operation of law on February 8, 1990.
Rule 4(a)(1) and (3), Alabama Rules of Appellate Procedure, provides that an appeal from a final judgment or a Rule 59(e) motion must be taken within 42 days of said judgment or order. In the case at bar, the appeal from the final judgment and order denying the Rule 59(e) motion was taken on October 17, 1990. This is more than 42 days from February 8, 1990, the day on which the Rule 59(e) motion was deemed denied. The appeal was thus not timely filed. We have no alternative but to dismiss the appeal ex mero motu, for we have no jurisdiction. Olson v. Olson,. 367 So.2d 504 (Ala.Civ.App.1979).
The foregoing opinion was prepared by Retired Appellate Judge ROBERT P. BRADLEY while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
APPEAL DISMISSED.
All the Judges concur.