Joan SHIFFLETT, Eunice Zuka, and Angela Ratliff, Cotella Reece, on behalf of themselves and on behalf of all other persons similarly situated, Plaintiffs,

v.

Bruce KOZLOWSKI, in his official capacity as Director, Department of Medical Assistance Services, Defendant.

Civ. A. No. 92–0072–H.

United States District Court,
W.D. Virginia,
Harrisonburg Division.

Jan. 28, 1994.

John Edward Whitfield, Blue Ridge Legal Services, Inc., Harrisonburg, VA, Martin Wegbreit, Client Centered Legal Services of Southwest VA, Inc., Castlewood, VA, for plaintiffs.

Barbara Joan Gaden, Pamela Malone Reed, Office of the Atty. Gen., Richmond, VA, for defendant.

*MEMORANDUM OPINION*

MICHAEL, District Judge.

### I. Introduction

This case represents yet another attempt by applicants, the state administrative agency and the court to grapple with the intricacies of the federal Medicaid Act and the regulations thereunder. Plaintiffs in this action are residents of the Commonwealth of Virginia who have applied for or who have at one time received Medicaid. They filed this 42 U.S.C. § 1983 action on July 8, 1992, seeking injunctive and declaratory relief[1] against the Director of the Virginia Department of Medical Assistance Services (DMAS) for violations of 42 U.S.C. § 1396a(a)(3)[2] and for violations of their due process rights under the Fourteenth Amendment. Plaintiffs claim that DMAS has failed to provide them with federally required, prompt agency action on their appeals of local agency decisions relating to Medicaid assistance. The complaint maintains that DMAS has failed to

---

1. Declaratory relief, if appropriate here, is authorized by 28 U.S.C. § 2201.

2. The statute provides in pertinent part that a state participating in the federal Medicaid program shall "provide for granting an opportunity for a fair hearing before the State agency to any individual whose claim for medical assistance under the plan is denied or is not acted upon with reasonable promptness."

process all appeals before an agency hearing officer or the state's Medical Assistance Appeals Panel (MAAP), the optional second tier of agency review, within 90 days of an applicant's request for a hearing as required by federal regulation, 42 C.F.R. § 431.244(f).[3]

On January 13, 1994, the Court entered an order granting partial summary judgment to the Class A Plaintiffs and heard oral argument on the same day on Plaintiffs' motion for summary judgment and on Defendant's cross-motion for summary judgment as to the Class B Plaintiffs.[4] After taking the motions under advisement, the Court has determined that the matter is ripe for disposition. For the reasons stated herein, the Court grants the Class B Plaintiffs' motion for summary judgment.

## II. Facts

The parties do not dispute the material facts here, and thus, the case is ripe for summary disposition. Fed.R.Civ.P. 56. The remaining named Plaintiff, Eunice Zuka, suffers from various medical diseases and first sought Medicaid assistance on February 28, 1991. After the local agency administering Medicaid initially placed Zuka on a spend-down due to Zuka's excess income, the agency notified Zuka that she was being removed from the spend-down program. Disagreeing with the agency's decision, Zuka waived a hearing before a DMAS hearing officer and filed a direct appeal to MAAP on January 14, 1992. Zuka received MAAP's decision 192 days following her request for a hearing. Zuka, and the remaining unnamed Class B Plaintiffs, claim that DMAS has violated federal law and their due process rights under the Fourteenth Amendment by continually

failing to issue timely decisions once claimants have requested a fair hearing. Defendant, as Director of DMAS, is responsible for overseeing the Medicaid program in Virginia.

## III. Discussion

The applicable federal statute and regulations, 42 U.S.C. § 1396a(a)(3) and 42 C.F.R. § 431.220(a), provide that DMAS, and all states' agencies administering federal Medicaid, must provide a fair hearing to a claimant whose request for Medicaid assistance is denied or is not acted upon in a timely fashion. The state agency must take final administrative action within 90 days of a claimant's petition for an agency hearing on the denial, reduction or termination of benefits. 42 C.F.R. § 431.244(f). Plaintiffs cite to this court no federal statutory or case authority for the proposition that § 431.244(f) specifically includes review by MAAP, and the federal regulations do not place time limits for judicial review or review subsequent to final agency action. The federal regulations require only that final agency action be taken within 90 days. Thus, the court must analyze the system contemplated by the federal regulations and the framework of the Virginia system to define final agency action for purposes of § 431.244(f) and the fair hearing requirements of federal law.

Federal regulations contemplate two possible hearing systems through which a claimant can appeal the decision of the local agency to deny, reduce or terminate benefits: 1) a hearing before the state agency, or 2) an evidentiary hearing at the local level with the right of appeal to the state agency. *See id.* §§ 431.205(b)(1) and (2). The state's hearing system must comport with the due process

---

**3.** The regulation provides specifically that "[t]he agency must take final administrative action within 90 days from the date of the request for a hearing." *Id.*

**4.** By order dated June 25, 1993, this Court certified the following two classes:

> 1) Class A Plaintiffs: "All individuals in the Commonwealth of Virginia who have requested or will request a hearing before a Department of Medical Assistance Services hearing officer regarding claims to entitlement under the Medicaid program and who have not or will not receive timely decisions on their claims."

> 2) Class B Plaintiffs: "All individuals in the Commonwealth of Virginia who have requested or will request an appeal before a Medical Assistance Appeals Panel regarding claims to entitlement under the Medicaid program and who have not or will not receive timely decisions on their claims."

Plaintiffs Joan Shifflett, Angela Ratliff and Cotella Reece are the named Plaintiffs in Class A who shall obtain relief pursuant to the Court's January 13, 1994 order. Plaintiff Eunice Zuka represents the remaining Plaintiff named in Class B for whose benefit, and for that of others similarly situated, the Court heard oral argument and now decides the outstanding motions.

requirements identified by the Supreme Court in *Goldberg v. Kelly,* 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970). 42 C.F.R. § 431.205(d).

Under the Virginia system, hearing officers conduct evidentiary hearings and render decisions which become final unless appealed. *See* Virginia Department of Social Services Manual (VDSSM) vol. XIII, part III, ch. C(6)(c)(2)(d); DMAS Regulations for Client Appeals, VR 460–04–8.7 § 1.1 (definition of "Final decision" is "a written determination by a hearing officer which is binding on the department, unless modified on appeal or review."). A claimant can request review by MAAP within 12 days from the date the hearing officer's decision is mailed. *See* DMAS Regulations for Client Appeals, VR 460–04–8.7 § 3.5. If the sole issue raised is one of state or federal law or policy, a claimant can bypass review by a DMAS hearing officer and have his case removed to the MAAP. *Id.* § 2.9(E). Judicial review of a decision by the hearing officer or by MAAP is also available. *Id.* § 1.4.

The Court previously determined that the Class A Plaintiffs are entitled to injunctive and declaratory relief because the DMAS hearing officers failed to render their decisions within 90 days of the initial hearing requests. The question now before the court is whether MAAP review must also be completed within 90 days of an applicant's initial request for a hearing.

DMAS regulations provide that the federal 90–day requirement does not apply to appeals before MAAP. *Id.* § 1.3. Indeed, the regulations require appellants, as a condition of MAAP review, to acknowledge the non-applicability of the 90–day requirement to MAAP appeals. *Id.* § 3.3. The Virginia system only requires the hearing officer to render a decision within 90 days of a hearing request.

Plaintiffs rely on the "Statement of Appellants' Rights Following a Medicaid Eligibility Hearing" promulgated by DMAS on July 15, 1987 for the proposition that the federal time requirements apply to MAAP on the ground that MAAP is the successor to the DMAS Appeals Board whose decisions were subject to the 90–day requirement. Plaintiffs also argue that DMAS cannot render a final decision until a claimant's legal and factual issues are resolved. Contending that since under the current system only the MAAP can resolve questions of law, while hearing officers decide questions of fact and procedure, the agency's final action necessarily contemplates MAAP review in cases where legal questions are presented. Thus, Plaintiffs maintain, 42 C.F.R. § 431.244(f) also mandates that MAAP review be completed in 90 days.

Defendant counters that as a matter of law, the Class B Plaintiffs are not entitled to recover and also moves for summary judgment. First, Defendant points to the DMAS regulations which state specifically that MAAP review is not subject to the 90–day limitation. An appellant seeking MAAP review is required to acknowledge the non-applicability of the 90–day requirement and to waive judicial review until MAAP renders a decision. *See* DMAS Regulations for Client Appeals, VR 460–04–8.7 §§ 3.3 and 2.24(g).[5] Second, Defendant argues that MAAP review is optional to a claimant who has the choice to seek review in state circuit court. *Id.* § 2.24(g). Third, Defendant insists that because the hearing officer's decision is final for purposes of 42 C.F.R. § 431.-244(f), *see* VR 460–04–8.7 § 1.1, MAAP review need not be completed within 90 days. Finally, Defendant rests on the absence of any federal requirement that states must also provide appellate panel review and argues that DMAS is complying with federal law because claimants receive a fair hearing before the DMAS hearing officer. *See* 42 C.F.R. § 431.244.

 States participating in the Medicaid program must comply fully with the dictates of the federal statutes and regulations thereunder. *Schweiker v. Gray Panthers,* 453 U.S. 34, 37, 101 S.Ct. 2633, 2636, 69 L.Ed.2d 460 (1981); *see also Alexander v. Hill,* 707 F.2d 780, 784 (4th Cir.) (approving award of remedial fine as part of court's equitable power to achieve fair results for noncompli-

---

**5.** Failure to sign the waiver results in a dismissal from the MAAP appeals process, but the claimant may still proceed to judicial review. *Id.* §§ 3.7(A) and (B).

ance with federal time requirements), *cert. denied,* 464 U.S. 874, 104 S.Ct. 206, 78 L.Ed.2d 183 (1983). Injunctive and declaratory relief are appropriate against a state officer for failing to bring the state into compliance with the mandatory, timely processing requirements of the federal health regulations. *See, e.g., Robertson v. Jackson,* 766 F.Supp. 470 (E.D.Va.1991), *aff'd,* 972 F.2d 529 (4th Cir.1992).

■ Pursuant to 42 C.F.R. § 431.245, which follows the time requirement provided in § 431.244(f), the state agency is required to notify the claimant of the hearing officer's decision and of the right to appeal to the state agency or state court "to the extent that either is available to him." This regulation places no time limit on review beyond the hearing officer's decision and would seem, on its face, to refute Plaintiffs' argument that the 90-day limit applies to MAAP review. However, the Court finds persuasive Plaintiffs' argument that final agency action does not occur until a claimant completes the appeals process to MAAP because it is only through MAAP review that a claimant's questions of law may be resolved, without first proceeding to state court. *See* VDSSM, vol. XIII, part III, ch. C(6)(c)(2) at 10.[6] The Manual provides that "[i]n reviewing the actions of the local department of social services as related to the appeals process, the hearing officer will be evaluating two areas—procedural and factual." *Id.* The Manual does not declare that hearing officers may also settle the legal questions raised by the parties. However, where a claimant raises only a question of law and MAAP reviews the case, it is apparent that the agency's final decision will not be rendered until MAAP review is completed. Consequently, a consistent interpretation of the federal and state regulations would require that MAAP also render its decision within 90 days of a hearing request in those cases where MAAP review is sought, either by direct appeal and bypass of a hearing before the hearing officer, or by an optional appeal from the hearing officer's decision.[7]

While Plaintiffs cite to no specific federal authority for the proposition that MAAP decisions must be rendered within 90 days of an initial hearing request, the Court believes that where DMAS provides MAAP review and where only MAAP, or a state court, can resolve questions of law, then DMAS cannot deny to claimants the opportunity to have review of both factual and legal questions completed within 90 days. Although the Court acknowledges the time constraints under which DMAS currently operates, the federal regulations contemplate that under ei-

6. Although counsel have not cited any state regulation prohibiting an agency hearing officer from deciding questions of state or federal law, Plaintiffs rely on the Social Services Manual in support of their contention that DMAS hearing officers do not have the capacity to resolve legal questions. In the absence of any other official pronouncement indicating to the contrary, the Court finds that it is the practice of DMAS and the local agencies to use this manual to administer Medicaid and to hear appeals.

7. An analogy of the state administrative appeals system to the process of judicial review is useful to illustrate the Court's discussion of what constitutes a final decision. Like claimants who submit requests to a DMAS hearing officer, federal civil complainants submit their cases for resolution by the district court which conducts the hearing, takes evidence, permits examination of witnesses and renders a final decision or judgment for purposes of 28 U.S.C. § 1291. The district court must enter a final decision before a party can appeal to the United States Court of Appeals, subject to an interlocutory appeals exception.

The regulations suggest to the Court that the final decision rendered by the hearing officer is similar to the final decision entered by the district court. In both situations, if the claimant or party chooses not to appeal, the decision of the district court or hearing officer stands. If the case is appealed and the appellate court remands to the district court, or if MAAP or the state court remand to the hearing officer, the remand does not disturb the fact that a final decision was rendered at the first level. *See* Virginia Administrative Process Act, Va.Code Ann. § 9–6.14:16 (Michie 1993 Repl.Vol.) (final administrative agency action is required before appeal to state court). In either case, the decision made at the first level might be upheld or could change following appeal.

However, the Court's analogy ultimately fails in light of the Court's interpretation of the DMAS regulations. Here, the administrative and judicial procedures differ in that the district court judge must resolve questions of law as well as of fact, while the DMAS hearing officer resolves questions of fact and procedure. The Court finds this distinction noteworthy, and the decision here is influenced by the difference.

ther the one-tier or two-tier hearing system described in 42 C.F.R. §§ 431.205(b)(1) and (2), the state agency will take final action within 90 days of the initial hearing request. Thus, built-in to the federal framework is the criterion that the agency take prompt, final action. Because the Court holds that ·final action necessarily involves agency resolution of all outstanding factual and legal questions, subject to judicial review, MAAP must also complete its review within 90 days of a hearing request to conform to the fair hearing standards of federal law.

DMAS cannot be permitted to circumvent the time requirements of the Social Security Act through regulations which require claimants to acknowledge the non-applicability of the 90–day period to MAAP appeals unless claimants can first present their legal questions to a DMAS hearing officer. The Court will not attempt to outline for the Commonwealth the most efficient scheme for the processing of Medicaid hearing requests since the Court presumes Congress and the Health and Human Services (HHS) regulators considered all relevant factors in devising the current plan. However, the Court repeats its concern first articulated in dicta.in *Mowbray v. Kozlowski,* 724 F.Supp. 404, 418 (W.D.Va.1989), *rev'd on other grounds,* 914 F.2d 593 (4th Cir.1990), that "[a] hearing from which a discussion of federal law is excluded, particularly where the thrust of the argument is that ·the state action is illegal under the law, is certainly not a 'fair' one" under the applicable federal law or the Four-teenth Amendment. Permitting the DMAS hearing officer to address questions of law, without requiring claimants to pursue judicial or MAAP review, provides for a more "efficient allocation of resources." *See id.*[8] The state is not prohibited under federal law from maintaining ·the MAAP, but where MAAP review is available, the fair hearing requirements in the federal scheme require final agency action to be taken within 90 days.[9] Because MAAP represents the only administrative body which can entertain questions of law, the Court is constrained to find that the fair hearing rights of the Class B Plaintiffs are violated when MAAP review is not completed within 90 days of the initial hearing request.[10]

## IV. Conclusion

For the reasons stated above, and in the absence of any genuine issue of material fact appearing for trial, the Court holds that summary judgment is appropriate in favor of the Class B Plaintiffs on their claim that Defendant has violated their rights to a fair hearing by not complying with the time limits imposed by 42 C.F.R. § 431.244(f). The Court shall enter an Order hereby declaring that MAAP review violates the fair hearing rights of the Class B Plaintiffs as contemplated by 42 U.S.C. § 1396a *et seq.,* and 42 C.F.R. §§ 431.220(a), .244(f) and enjoining Defendant from failing to comply with the applicable federal law.[11]

---

**8.** This Court stated further in *Mowbray:*

> Allowing appellants to raise the issue [of federal or state law] before the state agency gives the state the first crack at considering the issue and perhaps bringing state regulations into compliance. A hearing officer is not bound to accept the appellant's argument; however, making the agency aware of a potential conflict may well prevent the expense of litigation and encourage thoughtful, internal review.
> *Id.*

**9.** The availability of judicial review does not suggest to the Court that state courts must also render their decisions within 90 days of a hearing request, although the Court realizes that in those cases where the claimants seek judicial review, the ultimate decision on the claim for Medicaid will not be rendered until the state court hears the appeal.

**10.** If the Court were to find otherwise, the claimant who bypasses the hearing before the DMAS hearing officer or whose case is removed to MAAP because "the sole issue is one of state or federal law or policy," *see* DMAS, VR 460–04–8.7 § 2.9(E),· would seemingly never receive the agency's final decision. The state regulations do not indicate whether a decision by MAAP constitutes the agency's final decision in those cases where MAAP provides the only review. Furthermore, the regulations provide little guidance to those claimants who have bypassed a hearing before the DMAS hearing officer and have appealed directly to MAAP.

**11.** Finally, the Court's opinion should not be construed as merely requiring MAAP review to be completed within 90 days of a hearing request in only those cases which come to MAAP by direct appeal.

*Order*

For the reasons stated in the accompanying Memorandum Opinion, it is this day

### ADJUDGED AND ORDERED

as follows:

1. The motion of the Class B Plaintiffs for summary judgment on the claim for declaratory and injunctive relief against Defendant shall be, and it hereby is, granted.

2. The Defendant shall be, and he hereby is, declared to be in violation of the Social Security Act, 42 U.S.C. § 1396a(a)(3), and the applicable regulations thereunder, 42 C.F.R. § 431.244(f).

3. Defendant shall be, and he hereby is, permanently enjoined from violating the rights of the Class B Plaintiffs to a fair hearing as required by the Social Security Act.

4. Defendant shall be, and he hereby is, permanently enjoined from failing to render MAAP decisions within 90 days of the date a hearing is requested in the Medicaid program, subject to the conditions as stated more specifically by the Court in its subsequent order.

5. The parties shall be, and they hereby are, directed to submit to this Court their proposals for an Order outlining the appropriate and specific injunctive relief in conformity with the findings of the Court in the accompanying Memorandum Opinion.

6. Defendant's motion for summary judgment shall be, and it hereby is, denied.

The Clerk of the Court is hereby directed to send a certified copy of this Order and the accompanying Memorandum Opinion to all counsel of record.