Peggy T. Phillips and Mary Taylor Tidwell were sisters and coexecutrices of the estate of their mother, Elizabeth Taylor. Mary Taylor Tidwell died during the administration of the estate and Lisa Morrison is her personal representative. Phillips filed a petition for final settlement of the estate; Morrison answered and contested the final settlement. After several hearings on the petition, the probate court entered a judgment of final settlement of the estate on January 11, 2007.
Phillips filed a postjudgment motion on January 19, 2007. The probate court set that motion for a hearing on April 25, 2007 — a date more than 90 days after the filing of the motion. On April 26, 2007, Phillips filed what she termed a "Supplemental Motion for Modifications to Order Entered January 11, 2007," that, she said, was before the court "pursuant to Rule 60(b)(1) and — (b)(6) of the Alabama Rules of Civil Procedure." That motion did not, however, allege any ground justifying relief under Rule 60(b), Ala. R. Civ. P. The motion was, in both form and substance, a Rule 59(e), Ala. R. Civ. P., motion. See Cornelius v. Green, 477 So.2d 1363
(Ala. 1985); Harwell v. Merritt Oil Co., 541 So.2d 564
(Ala.Civ.App. 1989).
On July 24, 2007, the probate court purported to enter an amended judgment, *Page 745 
granting Phillips the relief she sought in her April 26 motion. On August 10, 2007, Morrison appealed the probate court's purported July 24, 2007, judgment to the Alabama Supreme Court. The supreme court transferred the appeal to this court, pursuant to § 12-2-7(6), Ala. Code 1975.
Rule 59.1, Ala. R. Civ. P., applies in probate court proceedings pursuant to § 12-13-12, Ala. Code 1975. McGallagher v.Estate of DeGeer, 934 So.2d 391, 399 n. 2 (Ala.Civ.App. 2005); In re Morrison, 388 So.2d 1014,1015 (Ala.Civ.App. 1980). Rule 59.1 provides:
 "No post-judgment motion filed pursuant to Rules 50, 52, 55, or 59[, Ala. R. Civ. P.,] shall remain pending in the trial court for more than ninety (90) days, unless with the express consent of all the parties, which consent shall appear of record, or unless extended by the appellate court to which an appeal of the judgment would lie, and such time may be further extended for good cause shown. A failure by the trial court to dispose of any pending post-judgment motion within the time permitted here-under, or any extension thereof, shall constitute a denial of such motion as of the date of the expiration of the period."
A trial court's setting a hearing on a postjudgment motion for a date beyond the expiration of the 90-day period provided in Rule 59.1 does not extend the length of time the motion can remain pending. See Ex parte Organized Cmty. Action Program,Inc., 852 So.2d 92 (Ala. 2002); Ingram v. Pollock,557 So.2d 1199 (Ala. 1989); Farmer v. Jackson,553 So.2d 550 (Ala. 1989); State v. Wall, 348 So.2d 482 (Ala. 1977); Olson v. Olson, 367 So.2d 504
(Ala.Civ.App. 1979); and Greco v. Thyssen Mining Constr.,Inc., 500 So.2d 1143 (Ala.Civ.App. 1986).
In Olson, supra, the trial court entered a judgment on May 1. The plaintiff filed a timely postjudgment motion on May 17, and the trial court set that motion for a hearing on August 16, one day beyond the 90-day period specified in Rule 59.1. The record "fail[ed] to show that the parties expressly agreed for the motion to remain pending beyond August 15 [the 90th day]."367 So.2d at 505. Because the notice of appeal was not filed within 42 days of August 15, the appeal was dismissed as untimely.
In the present case, the 90th day after the filing of Phillips's January 19, 2007, postjudgment motion was April 19, 2007. Because the probate court had not ruled on the motion by that date, the motion was deemed denied by operation of law on April 19. The probate court lost all jurisdiction to act in this matter after April 19, and its purported amendment of the January 11, 2007, judgment on July 24, 2007, was a nullity.
Rule 4(a)(3), Ala. R.App. P., provides, in pertinent part:
 "If [a] post-judgment motion is deemed denied under the provisions of Rule 59.1 of the Alabama Rules of Civil Procedure, then the time for filing a notice of appeal shall be computed from the date of denial of such motion by operation of law, as provided for in Rule 59.1."
Morrison's August 10, 2007, notice of appeal was untimely because it was filed long past May 31, 2007 — the 42d day after April 19, 2007, the date of denial of Phillips's postjudgment by operation of law. Accordingly, Morrison's appeal must be dismissed.
APPEAL DISMISSED.
THOMPSON, P.J., and PITTMAN, BRYAN, and MOORE, JJ., concur. *Page 746