REL:  April 14, 2023

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# ALABAMA COURT OF CIVIL APPEALS

## OCTOBER TERM, 2022-2023

_____

### CL-2022-0714

_____

**Diversicare of Winfield, LLC, by and through its business office manager, Carrie Sullins, as authorized representative for Paulette Steele**

**v.**

**Alabama Medicaid Agency**

**Appeal from Montgomery Circuit Court
(CV-21-900173)**

EDWARDS, Judge.

Diversicare of Winfield, LLC ("Diversicare"), purportedly by and through its business office manager, Carrie Sullins, as authorized representative of Paulette Steele, see discussion, infra, appeals from a judgment entered by the Montgomery Circuit Court ("the circuit court")

dismissing Diversicare's appeal as having been untimely filed; Diversicare's appeal was from a final order entered by the Alabama Medicaid Agency ("the Agency") regarding the terms of Steele's eligibility for Medicaid benefits under the State Medicaid Plan adopted pursuant to 42 U.S.C. § 1396 et seq.

Steele was admitted to Diversicare's skilled-nursing facility in Winfield in July 2019. In conjunction with her admission, Steele executed an Alabama Medicaid Agency Form 202, titled "Appointment of Representative" ("the authorized-representative form"). See Ala. Admin. Code (Alabama Medicaid Agency), r. 560-X-28-.01(9) (including "Appointment of Representative -- Alabama Medicaid Agency Form 202" among the official forms for the Agency). The authorized-representative form appointed Sullins as Steele's "legal representative … to apply, reapply and make claim for Medicaid benefits … from the [Agency]" and "to fully act in [Steele's] stead in connection with all Medicaid matters involving [her], including, but not limited to, making applications, reapplications and claims of all kinds, accepting and giving notice in connection with eligibility determinations and Fair Hearings, requesting

2

information, and presenting and eliciting evidence." Sullins executed the "Acceptance of Appointment" included on the authorized-representative form, which stated that her "relationship to [Steele] is nursing home rep. (Attorney, relative, etc.)." See Ala. Admin. Code (Alabama Medicaid Agency), r. 560-X-26-.01 (discussing the appointment of an authorized representative, which may include "[o]fficers or employees of a provider" that participates in the Medicaid program).

In January 2020, Sullins submitted Steele's application for Medicaid benefits to the Agency.[1] The Agency denied the January 2020 application based on a lack of certain documentation that the Agency had requested. In March 2020, Sullins submitted Steele's reapplication for

---

[1]Steele was the applicant.

"Applicant means an individual whose written application for Medicaid has been submitted to the agency determining Medicaid eligibility, but has not received final action. This includes an individual (who need not be alive at the time of application) whose application is submitted through a representative or a person acting responsibly for the individual."

42 C.F.R. § 400.203; see also 42 C.F.R. § 435.4 (also defining "applicant").

3

Medicaid benefits to the Agency. On May 19, 2020, the Agency issued a notice to Sullins approving Steele's reapplication for Medicaid benefits, subject to a transfer-penalty period because she had excess resources. Specifically, the Agency concluded that Steele was subject to a transfer penalty based on certain credit-card payments that Steele had made for unverified property or services and based on her husband's transfer on October 7, 2015, for less than fair-market value, of two parcels of real property to the husband's son by a previous relationship. See Ala. Admin. Code (Alabama Medicaid Agency), r. 560-X-25-.09 (describing the 60-month look-back period as to transfers by an applicant or the spouse of an applicant and the transfer-penalty provisions). We note that Steele's husband died in June 2017. According to the Agency, as a result of the application of the transfer penalty, Steele would not be eligible to receive Medicaid benefits until November 2020.

On May 21, 2020, Sullins, in her capacity as the business-office manager for Diversicare, sent the Agency a letter in which she noted that Diversicare was assisting Steele with her application for Medicaid benefits; she included with the letter the authorized-representative form

4

by which Steele had appointed Sullins as her authorized representative. Sullins's letter also stated that she was appealing the Agency's decision imposing a transfer-penalty period to Steele's receipt of Medicaid benefits and requested a "fair hearing" and a prehearing conference regarding that penalty. See Ala. Admin. Code (Alabama Medicaid Agency), r. 560-X-3-.02(1) (defining a "fair hearing" as a "face-to-face hearing by an impartial State Hearing Officer … attended by the complainant or his authorized representatives who may call witnesses or examine witnesses called by others); Ala. Admin. Code (Alabama Medicaid Agency), r. 560-X-3-.01(1) through r. 560-X-3-.07 (discussing fair-hearing requirements and procedures); see also 42 C.F.R. § 431.200 and § 431.220. During the prehearing process, Sullins also requested a waiver of the transfer-penalty period on the ground of undue hardship. The Agency denied the waiver request based, in part, on the ground that no evidence established that Steele had been denied admission to or had been discharged from an institutional facility such that she was "in danger of being deprived of medical treatment, food, shelter, and other necessities of life." See Ala. Admin. Code (Alabama Medicaid Agency), r. 560-X-25-.09(8) (discussing

the "extreme cases" in which the Agency will consider a request for an undue-hardship waiver). Sullins requested a fair hearing as to the denial of Steele's waiver request.

A fair hearing was held before an administrative law judge ("the ALJ") on September 24, 2020. During that hearing, the ALJ received testimony and documentary evidence regarding whether the Agency had erred by imposing the transfer-penalty period for purposes of Steele's Medicaid benefits and by denying the request for a waiver of the transfer-penalty period based on undue hardship. On October 6, 2020, the ALJ, based on the evidence presented at the fair hearing and on applicable law, issued a recommendation stating that the Agency had acted properly by imposing the transfer-penalty period and by denying the request for a waiver based on undue hardship. On October 29, 2020, Stephanie McGee Azar, the Commissioner of the Agency ("the Commissioner"), entered a final order adopting the ALJ's recommendation. The October 2020 final order also advised Sullins that Steele could request a rehearing or seek judicial review of the Agency's decision pursuant to the Alabama Administrative Procedure Act ("the AAPA"), Ala. Code 1975, § 41-22-1 et

seq. See Ala. Code 1975, § 41-22-17 (discussing the rehearing procedure); Ala. Admin. Code (Alabama Medicaid Agency), r. 560-X-3-.06(3) (stating that, following the fair hearing, "[a]dverse decisions approved by the Commissioner, as the hearing authority, shall contain a statement that rehearing and/or judicial review of this decision is available pursuant to the provisions of the [AAPA]" and that the Commissioner "shall notify the requestor, in writing regarding the hearing decision").

On November 13, 2020, Sullins filed an application for a rehearing with the Agency. Based on Ala. Code 1975, § 41-22-17(e), the application for a rehearing was denied by operation of law on December 13, 2020, although Diversicare argues on appeal that an application for a rehearing may not be denied by operation of law as to claims for Medicaid benefits. See discussion, infra; see also Davis v. Alabama Medicaid Agency, 519 So. 2d 538, 539 (Ala. Civ. App. 1987) (holding that Medicaid claimant's application for a rehearing had been denied by operation of law pursuant to § 41-22-17(e), that the period for filing a notice of appeal ran from the date of such denial, and that a subsequent untimely-filed appeal must be dismissed). Nevertheless, the Commissioner also sent Sullins a letter

dated December 16, 2020, that stated that she had reviewed the administrative record, that a rehearing could be granted only under limited circumstances, that those circumstances were inapplicable based on the Commissioner's review, and that the "request for a rehearing is denied."[2] The December 2020 letter also informed Sullins that she could "seek judicial review of this denial pursuant to the provisions of the [AAPA]."

Steele died on January 8, 2021. On January 15, 2021, Sullins filed with the Agency a notice of appeal of the October 2020 final order and the Commissioner's December 2020 letter denying the application for a rehearing.[3] On February 12, 2021, Diversicare, by and through Sullins

---

[2]At the hearing on the Agency's motion to dismiss Diversicare's appeal, see discussion, infra, counsel for the Agency stated that "a clerical error was made during the process, and [the Commissioner's] letter for the State law request for rehearing was sent out two days late." The agency argued, however, that that mistake "doesn't change what the law says," that the Commissioner's late ruling as to the application for a rehearing was void, and that the period for filing the notice of appeal began when the application for a rehearing was denied by operation of law.

[3]In its appellate brief, Diversicare concedes that the date of filing of the notice of appeal was January 15, 2021. On January 14, 2021, Sullins had telefaxed and e-mailed to the Agency a notice of appeal that was

as Steele's authorized representative, filed a petition for judicial review in the circuit court.

The Agency filed in the circuit court a motion to dismiss the appeal on the grounds that it was untimely filed and that, according to the Agency, no person with proper authority had filed the notice of appeal or the petition for judicial review. According to the Agency, only the personal representative of Steele's estate could seek judicial review following Steele's death. On May 21, 2021, the Agency filed an amended motion to dismiss, arguing only that the notice of appeal was untimely filed.

---

dated January 8, 2021. The telefax and e-mail also were received by the Agency on January 14, 2021. However, that was not sufficient to constitute filing of the notice of appeal. See, e.g., Sullivan v. Alabama Dep't of Hum. Res., [Ms. 2210229, Sept. 30, 2022] ___ So. 3d ___, ___ n.5 (Ala. Civ. App. 2022); L.C. v. Shelby Cnty. Dep't of Hum. Res., 293 So. 3d 912, 915 (Ala. Civ. App. 2019). According to the Agency, on January 15, 2021, it received the notice of appeal by mail, along with a cashier's check for the cost bond. The cashier's check was dated January 14, 2021. We note that the notice of appeal states that it was mailed to the Commissioner by certified mail, return receipt requested, but any application of the mailbox rule in Ala. Code 1975, § 41-22-20(d), would be unavailing unless the notice of appeal had been mailed by certified mail on or before January 12, 2021. Diversicare made no such factual showing or claim in the circuit court, however.

Diversicare filed a response to the Agency's amended motion to dismiss, arguing that Ala. Code 1975, § 41-22-17(e), "must be interpreted in conjunction with" Ala. Code 1975, § 41-22-20(d), which states that "'if a rehearing is requested under Section 41-22-17,'" the notice of appeal shall be filed "'within 30 days after the receipt of the notice of or other service of the decision of the agency thereon.'"  According to Diversicare,

> "a rehearing was requested by [Diversicare], and within 30 days of 'receipt of … other service of the agency decision thereon' (i.e., within 30 days of the notice received pursuant to the letter from … [the Commissioner] denying the request for a rehearing) the [n]otice of [a]ppeal was timely and correctly filed pursuant to … § 41-22-20(d) …."[4]

---

[4]We note that this argument is contrary to this court's decision in <u>Davis v. Alabama Medicaid Agency</u>, 519 So. 2d 538 (Ala. Civ. App. 1987), regarding the referenced Code sections.  Likewise, in <u>Krawczyk v. State Department of Public Safety</u>, 7 So. 3d 1035, 1037 (Ala. Civ. App. 2008), this court stated that when an agency has entered an otherwise final order and an application for a rehearing is thereafter filed and denied by operation of law pursuant to § 41-22-17(e), the notice of appeal must be filed within 30 days after the denial by operation of law of the rehearing application.  In <u>Noland Health Services, Inc. v. State Health Planning & Development Agency</u>, 44 So. 3d 1074, 1079-81 (Ala. 2010), the supreme court discussed <u>Krawczyk</u> at length and agreed with this court's understanding of § 41-22-20(d), namely, that a notice of appeal must be filed "within 30 days of when the decision of [a state agency] became final by operation of law."  44 So. 3d at 1081.  Even if we were to conclude that this had court erred in <u>Davis</u> and <u>Krawczyk</u>, we would nevertheless be bound to follow <u>Noland Health Services, Inc.</u> as to the meaning and application of § 41-22-20(d) in relation to § 41-22-17(e).  <u>See</u> Ala. Code

Diversicare also argued that the Commissioner's December 2020 letter had "explicitly invited … Sullins to seek judicial review pursuant to the AAPA."  Diversicare argued further:

"10.  Even if the [n]otice of [a]ppeal was untimely filed, it would be a miscarriage of justice, and a failure of the broad equitable powers of the [court], for the [c]ourt to no[t] exercise its jurisdictional authority over this matter given that … § 41-22-20(d) … explicitly contemplates the situation where the 30-day timeline to file a notice of appeal does not begin to run until 'receipt of the notice of or other service of the decision of the agency thereon.'  Here, such a written notice as contemplated by the statute was received and served on [Diversicare] by [the Agency], and [Diversicare] then timely filed the [n]otice of [a]ppeal in accordance with same.

"11.  It was fair and reasonable for [Diversicare] to base the calculation of the deadline to file the [n]otice of [a]ppeal on the written correspondence from [the Commissioner], which correspondence was dated December 16, 2020. Further, allowing an agency the leeway to issue an untimely response to a request for rehearing, and then later allowing it to make arguments in a motion to dismiss regarding a petitioner's purported untimeliness, when the petitioner reasonably relied on the written correspondence of the agency, is patently unfair."[5]

_____

1975, § 12-3-16 ("The decisions of the Supreme Court shall govern the holdings and decisions of the courts of appeals ....").

[5]To the extent that Diversicare argued in the circuit court that, based on the Commissioner's December 2020 letter, the Agency should have been equitably estopped from relying on the denial of the application for a rehearing by operation of law, see, e.g., Ex parte Four

Further, Diversicare argued that 42 C.F.R. § 431.245 required the Agency to notify it of "'the agency decision'" in writing and that, "pursuant to federal Medicaid regulations, there can be no State Medicaid agency decision made by operation of law." According to Diversicare,

> "[p]ursuant to the federal Medicaid regulations, and [Diversicare's] due process rights, the only mechanism by which the 30-day deadline to file a notice of appeal was triggered pursuant to … § 41-22-20(d) … was when [the Commissioner] issued her December 16, 2020 letter, giving [written] notice of the Agency action and of the right to seek judicial review of the decision."

In an amended response to the amended motion to dismiss, Diversicare further contended that Davis had not addressed the pertinent federal law and thus had been wrongly decided.

On June 15, 2021, the circuit court held a hearing on the Agency's amended motion to dismiss, after which it received posthearing briefs from the Agency and Diversicare. On January 5, 2022, the circuit court

---

Seasons, Ltd., 450 So. 2d 110, 111 (Ala. 1984), that argument has not been raised on appeal and is therefore waived. See, e.g., Muhammad v. Ford, 986 So. 2d 1158, 1165 (Ala. 2007).

12

entered an order granting the Agency's amended motion to dismiss "because the [notice of appeal] was not timely filed with [the Agency]."

Diversicare timely filed a postjudgment motion, arguing that federal law required that § 431.245 be applied to a decision on a rehearing application when State law authorized an opportunity for a rehearing and that § 41-22-17(e) was preempted to the extent that it conflicted with the written-decision requirement of § 431.245. Diversicare's postjudgment motion was denied by operation of law. See Rule 59.1, Ala. R. Civ. P. Diversicare timely filed a notice of appeal to this court, pursuant to § 12-3-10, Ala. Code 1975.

On appeal, Diversicare contends that the circuit court erred by dismissing its appeal on the ground that the notice of appeal was untimely filed. The underlying facts for purposes of this appeal are undisputed and, thus, we apply a de novo standard of review. See Sullivan v. Alabama Dep't of Hum. Res., [Ms. 2210229, Sept. 30, 2022] ___ So. 3d ___, ___ (Ala. Civ. App. 2022); Hawkins v. Ivey, [Ms. 1200847, Mar. 18, 2022] ___ So. 3d ___, ___ n.1 (Ala. 2022).

Section 41-22-17(e) states that,

13

"[w]ithin 30 days from the filing of an application the agency may in its discretion enter an order:

"(1) Setting a hearing on the application for a rehearing which shall be heard as soon as practicable; or

"(2) With reference to the application without a hearing; or

"(3) Granting or denying the application.

"If the agency enters no order whatsoever regarding the application within the 30-day period, the application shall be deemed to have been denied as of the expiration of the 30-day period."

Section 41-22-20(d) states that

"[t]he notice of appeal or review shall be filed within 30 days after the receipt of the notice of or other service of the final decision of the agency upon the petitioner or, if a rehearing is requested under Section 41-22-17, within 30 days after the receipt of the notice of or other service of the decision of the agency thereon."

A timely filing of a notice of appeal with the Agency pursuant to § 41-22-20(d) is jurisdictional and the failure to timely file a notice of appeal deprives the circuit court of subject-matter jurisdiction to consider the petition for judicial review under that section. See Ex parte Alabama Medicaid Agency, 298 So. 3d 522, 524-25 (Ala. Civ. App. 2020); see also

CL-2022-0714

Noland Health Servs., Inc. v. State Health Planning & Dev. Agency, 44

So. 3d 1074, 1080 (Ala. 2010); Sullivan, supra; Davis, supra.

In Davis, this court stated:

"[O]n January 16, 1987, the applicant [Flora L. Davis] was notified that she was disqualified from receiving medicaid benefits for a period of three months. The applicant then filed an application for rehearing on January 27, 1987. By letter dated March 10, 1987, the applicant was advised of the denial of her rehearing and notified that judicial review could be had under the act. On April 15, 1987, the agency received applicant's notice of appeal by letter dated April 9, 1987.

"The applicant contends that the period of time within which she had to file her notice of appeal ran from March 10, 1987, the date the agency sent the letter notifying applicant of their decision. The agency, however, contends that the time to file the notice of appeal ran from the date the application for rehearing was deemed denied by [operation of] law, February 26, 1987."

519 So. 2d at 539. After quoting § 41-22-17(e) and § 41-22-20(d), this court stated:

"It is clear from the above provision that if the agency does not enter an order within thirty days of the filing of the application for rehearing, the application is deemed denied by operation of law at the expiration of the thirty-day period. Ala. Code 1975, § 41-22-17(e). Further, the statute is clear that the applicant is required to file the notice of appeal within thirty days after the decision on the application for rehearing. Ala. Code 1975, § 41-22-20(d).

15

"Here, the application for rehearing was filed on January 27, 1987, and by operation of law was deemed denied on February 26, 1987. Therefore, pursuant to the act, the notice of appeal should have been filed within thirty days from February 26, 1987. As this was not done, the trial court did not err in dismissing the appeal.

"Additionally, we agree with the trial court's apt and concise analogy, which follows:

"'Appeals from agency decisions are purely statutory, and the time constrictions must be satisfied. Although this result may seem harsh at first blush, our Rules of Civil Procedure have a similar mechanism embodied in Rule 59.1, A[la]. R. Civ. P. A motion for new trial, et cetera, is deemed denied if not ruled on within 90 days. The fact that a court may enter an order after the 90 day period [for] ruling on the motion has no effect in determining the date that the notice of appeal must be filed. The order is a mere nullity. Olson vs. Olson, 367 So. 2d 504 (Ala. Civ. App. 1979).'"

519 So. 2d at 539-40.[6]

As in Davis, the issue in the present case is whether the circuit court erred by applying that portion of § 41-22-17(e) that provides for the

_____

[6]Rule 59.1, Ala. R. Civ. P., has been amended to provide that "[a] failure by the trial court to render an order disposing of any pending postjudgment motion within [90 days], or any extension thereof, shall constitute a denial of such motion as of the date of the expiration of the period."

16

denial of an application for a rehearing by operation of law. Diversicare disagrees with this court's holding in <u>Davis</u> and makes three arguments on appeal, all hinging on its conclusion that federal law, specifically § 431.245, "requires that any [Agency] decision involving the rights of an applicant [must] be noticed in writing …." Thus, according to Diversicare, an application for a rehearing cannot be denied by operation of law and applying <u>Davis</u>, which did not discuss § 431.245, and that portion of § 41-22-17(e) providing for the denial of an application for a rehearing by operation of law would contradict controlling federal law. <u>See</u> <u>Benton v. Alabama Bd. of Med. Exam'rs</u>, 467 So. 2d 234, 236 (Ala. 1985) ("Nothing in the [AAPA] … relieves agencies of the duty to comply with additional procedural requirements otherwise established by law."). Diversicare's conclusion as to § 431.245 is incorrect, however, and its arguments must therefore be rejected.

It is undisputed that a state's Medicaid plan must "provide for granting an opportunity for a fair hearing before the State agency to any individual whose claim for medical assistance under the plan is denied." 42 U.S.C. § 1396a(a)(3). Pursuant to that Congressional directive, the

17

regulations at 42 C.F.R. § 431.200 et seq. were promulgated to address the fair-hearing system that a state agency must provide to an applicant in regard to the denial, termination, or suspension of Medicaid benefits. See, e.g., 42 C.F.R. § 431.200 ("This subpart -- (a) Implements section [1396a(a)(3)], which requires that a State plan provide an opportunity for a fair hearing to any person whose claim for assistance is denied or not acted upon promptly."); 42 C.F.R. § 431.244(a) ("Hearing recommendations or decisions must be based exclusively on evidence introduced at the hearing."). The fair-hearing system for the Agency is found in Ala. Admin. Code (Alabama Medicaid Agency), r. 560-X-3-.01 et seq.

42 C.F.R. § 431.220 states, in pertinent part, that

"[t]he State agency must grant an opportunity for a hearing to the following:

"(1) Any individual who requests it because he or she believes the agency has taken an action erroneously,[7] denied his or her claim for

---

[7]Pursuant to 42 C.F.R. § 431.201:

"Action means a termination, suspension of, or reduction in covered benefits or services, or a termination, suspension of, or reduction in Medicaid eligibility or an increase in

eligibility or for covered benefits or services, or issued a determination of an individual's liability, or has not acted upon the claim with reasonable promptness including, if applicable --

"(i)    An initial or subsequent decision regarding eligibility;

"(ii)    A determination of the amount of medical expenses that an individual must incur in order to establish eligibility in accordance with § 435.121(e)(4) or § 435.831 of this chapter; or

"(iii)    A determination of the amount of premiums and cost sharing charges under subpart A of part 447 of this chapter;

"(iv)  A change in the amount or type of benefits or services; or

---

beneficiary liability, including a determination that a beneficiary must incur a greater amount of medical expenses in order to establish income eligibility in accordance with § 435.121(e)(4) or § 435.831 of this chapter or is subject to an increase in premiums or cost-sharing charges under subpart A of part 447 of this chapter. It also means a determination by a skilled nursing facility or nursing facility to transfer or discharge a resident and an adverse determination by a State with regard to the preadmission screening and resident review requirements of section 1919(e)(7) of the Act."

> "(v) A request for exemption from mandatory enrollment in an Alternative Benefit Plan."

In other words, the hearing requirements apply to determinations addressing the merits of a claim for Medicaid benefits.

Section 431.245 is part of the regulatory scheme applicable to fair hearings and states:

> "The agency must notify the applicant or beneficiary in writing of --
>
> > "(a) The decision; and
> >
> > "(b) His right to request a State agency hearing or seek judicial review, to the extent that either is available to him."

See also Ala. Admin. Code (Alabama Medicaid Agency), r. 560-X-3-.06(3) ("Adverse decisions approved by the Commissioner, as the hearing authority, shall contain a statement that rehearing and/or judicial review of this decision is available pursuant to the provisions of the Alabama Administrative Procedure Act. The Commissioner shall notify the requestor, in writing regarding the hearing decision.").

"The decision" referenced in § 431.245 is the Agency's decision on the merits of the application for Medicaid benefits, and r. 560-X-3-.06(3)

is consistent with § 431.245.  The October 2021 order was "the decision" of the Agency as to Steele's claim for Medicaid benefits, and that decision was communicated to her in writing.  By contrast, the denial of the application for a rehearing was not a decision following a hearing or a decision on the merits of Steele's claim for Medicaid benefits, which had already been adjudicated on the merits.  Indeed, the filing of an application for a rehearing does not "extend, modify, suspend or delay the effective date" of the Agency's final order "unless and until said application shall be granted or until said order shall be superseded, modified, or set aside in a manner provided by law."  Ala. Code 1975, § 41-22-17(b).[8]

---

[8]The legislature's provision for the denial of an application for a rehearing by operation of law serves the purpose preventing an agency from unnecessarily delaying judicial review by not making a timely, express decision on the application for a rehearing.  See Commentary to § 41-22-17 ("[I]n meting out justice, speed is of the essence and this is particularly true under this section where the application for rehearing does not stay the action of the order from which relief is being sought."). While we are mindful that federal law could preempt such a provision, the federal law relied upon by Diversicare does not address rehearing procedure.

Diversicare admitted in its postjudgment motion that "[f]ederal law does not contemplate rehearings and neither allows nor disallows them." Diversicare likewise admits on appeal that "[r]ehearing is an optional tier of review not required by federal Medicaid law." Nevertheless, Diversicare contends that, because Alabama law provides a procedure for filing an application for a rehearing, that procedure must necessarily comply with the law regarding hearings as to Medicaid benefits. Diversicare cites no legal authority that supports that conclusion, however, and Diversicare's reliance on authority discussing the requirements for the conduct of fair hearings and the decision on the merits as to Medicaid benefits, including Shifflett v. Kozlowski, 843 F. Supp. 133, 134 (W.D. Va. 1994), is inapposite. Shifflett involved a state administrative agency's failure to follow federal law governing the hearing-and-final-decision requirements as to the merits of claims for Medicaid benefits. See id. at 136 ("[W]here a claimant raises only a question of law and [the Medical Assistance Appeals Panel ('MAAP') reviews the case, it is apparent that the agency's final decision will not be rendered until MAAP review is completed. Consequently, a consistent

22

interpretation of the federal and state regulations would require that MAAP also render its decision" in compliance with the federal law timing requirements applicable to final decisions on the merits.). In the present case, the Agency purported to take final action, i.e., to resolve all questions as to the merits of Steele's claim for Medicaid benefits, in the October 2022 order, and Diversicare has made no claim that the October 2022 order was not properly or timely entered. As noted above, a party's decision to exercise his or her state-law right to apply for a rehearing as to such an otherwise final order of the Agency does not itself alter the nature of the final order as such. Indeed, § 41-22-17 applies only when the Agency has entered a final order. See § 41-22-17(a).

In short, § 431.245 addresses merits-based decisions and contains no provision regarding how the denial of an application for a rehearing must be communicated. More specifically, that section contains no prohibition on the denial of such an application by operation of law under § 41-22-17(e). See Moseley v. Department of Pub. Welfare, 142 Pa. Cmwlth. 9, 16, 598 A.2d 317, 321 (1991) (providing that "42 C.F.R. § 431.245 only requires that a recipient receive notice of a right to

reconsideration if such review is 'available'" and that "Section 431.245 contains no requirements as to reconsideration procedure"). Those procedural matters are governed by state law, which need only to satisfy the requirements of due process, and Diversicare cites no legal authority supporting the proposition that due process prohibits the denial of an application for a rehearing by operation of law.[9]

---

[9]Diversicare correctly notes that the Agency's "'hearing system must meet the due process standards set forth in Goldberg v. Kelly, 397 U.S. 254 (1970), and any additional standards specified in this subpart.' 42 C.F.R. § 431.205(d)." However, as noted, the latter standards address the Agency's decision regarding the merits of an applicant's claim for Medicaid benefits, not a decision on an application for a rehearing made after the full evidentiary hearing on the merits and the entry of the Agency's decision as to the applicant's claim for benefits. Likewise, in Goldberg, "[t]he constitutional issue to be decided … [was] the narrow one whether the Due Process Clause requires that the recipient be afforded an evidentiary hearing before the termination of benefits," under the Aid-to-Families-with-Dependent-Children program, again a decision as to the merits of the claim to benefits. Id. at 260. In other words, Goldberg involved the failure to provide "'[t]he fundamental requisite of … the opportunity to be heard'" before a deprivation of benefits occurred. 397 U.S. at 267 (quoting Grannis v. Ordean, 234 U.S. 385, 394, (1914)). Goldberg did not address whether due process precluded the denial of a motion by operation of law, particularly as to an application for a rehearing filed after a full evidentiary hearing and decision on the merits. Indeed, the United States Supreme Court acknowledged "the importance of not imposing upon the States or the Federal Government in this developing field of law any procedural

Based on the foregoing, we reject Diversicare's argument that § 431.245 precluded the Agency's denial of the application for a rehearing by operation of law pursuant to § 41-22-17(e). Accordingly, the circuit court's dismissal of Diversicare's appeal because it had been untimely filed is due to be affirmed. In light of our affirmance on the ground relied upon by the circuit court, we pretermit any discussion of the alternative grounds for affirmance argued by the Agency.

AFFIRMED.

Thompson, P.J., and Moore, Hanson, and Fridy, JJ., concur.

---

requirements beyond those demanded by rudimentary due process." 397 U.S. at 267.