This is a child support case.
On April 4, 1984, the trial court entered a final judgment divorcing the parties. Incorporated into the decree was the parties' separation agreement, which required, among other things, that the husband pay child support in the amount of $200 per month per child. Because the parties had three minor children, the total child support obligation was $600 per month. Further, said payment was due on the first day of each month following the payment of the first month's obligation, which was due on the fifteenth.
On December 10, 1987, the wife filed a petition to modify the child support. In her petition, the wife alleged that two of the parties' three children were now living with the husband; therefore, the husband's child support payment was only $200 per month for the one child still living with the wife. The wife's modification petition alleged that the $200 amount was insufficient. *Page 1059 
The husband also counter petitioned for modification.
Following a hearing on the modification petitions, the trial court ordered the father to pay $250 per month for the support of the one child still living with the mother. This order, entered on March 4, 1988, directed that the first payment be made "on or before March 15, 1988, and a like sum each month thereafter until said child attains legal age, marries, or becomes self-supporting." The trial court also incorporated within its order an order of continuing income withholding for support as required by § 30-3-61, Code 1975.
On August 3, 1989, the wife's attorney filed an affidavit for service of an income withholding order. Then, on August 7, 1989, an income withholding order was filed and ordered on the husband's employer.
On August 29, 1989, the husband filed a motion to lift the withholding order, in which he asserted that he was not in arrears. Following a hearing on the motion, the trial court terminated the income withholding order dated August 3, 1989, finding that the March 4 order had been misinterpreted.
The wife then filed a motion for new trial, alleging that the husband was clearly delinquent in a dollar amount equal to one month's support. Further, wife asserted that the trial court had the authority to enter a withholding order "at any earlier date and due to the conduct of the defendant, in that he openly stated to the plaintiff that he would not pay support for the month of June."
The trial court then held another hearing on the wife's motion for new trial and found that the husband "was delinquent in a dollar amount equal to one month's support at the time the previous income withholding order was issued on the 8th day of August, 1989."
Additionally, the trial court found it had "authority to order that the income withholding order take effect even if the Defendant is not delinquent in a dollar amount equal to one month's support." Consequently, the trial court, pursuant to § 30-3-61, Code 1975, reinstated its previous income withholding order.
The husband appeals.
The dispositive issue on appeal is whether the trial court has authority to enter an income withholding order prior to an obligor's becoming delinquent in a dollar amount equal to one month's support.
The statutory language governing the resolution of this case is as follows:
 "A withholding order issued pursuant to this section . . . shall not be served on the employer and shall not take effect unless the obligor becomes delinquent in a dollar amount equal to one month of support payments, or . . . the court otherwise orders that the withholding order take effect at an earlier date."
§ 30-3-61(c), Code 1975 (emphasis added).
Pursuant to the above quoted language, we find that the trial court has authority to "otherwise" enter withholding orders at its discretion. Because the trial court is granted such discretion, we pretermit any discussion concerning whether the husband was actually in arrears at the time of the order.
The judgment of the trial court is due to be affirmed.
AFFIRMED.
INGRAM, P.J., and RUSSELL, J., concur.