The parties were divorced in 1991. The mother was awarded custody of the parties' two children, and the father was ordered to pay $125 per week in child support. In 1994, the mother brought a contempt action against the father, alleging that he was in arrears in the payment of his child support obligation.
After an ore tenus proceeding, the trial court determined that the father had a total child support arrearage of $2954, "plus interest accrued at the legal rate," and the court *Page 374 
ordered the father to pay $50 per month toward that arrearage. The court further determined that an income withholding order "shall not be entered or served due to [the father's] self-employment." (Emphasis in original.)
The mother appeals, claiming that the trial court erred by failing (1) to award a judgment on the arrearage; (2) to calculate and award a specific amount of interest on the arrearage; (3) to enter and serve an income withholding order on the father's employer; and (4) to order the father to pay more toward the arrearage.
Past due installments of child support are final judgments and may be collected like any other judgments. Ex parte Morgan,440 So.2d 1069 (Ala. 1983); O'Neal v. O'Neal, 532 So.2d 649
(Ala.Civ.App. 1988). Here, the trial court's determination that the father's arrearage amounted to $2954 was the equivalent of a monetary judgment for that amount.
The court erred, however, by refusing to calculate the interest due on the arrearage.
 "The mother was entitled to have the amount of interest due on the unpaid support installments calculated and a judgment entered against the father for that amount. State Department of Human Resources ex rel. McGhee v. McGhee, 634 So.2d 573
(Ala.Civ.App. 1994)."
Cohn v. Cohn, 658 So.2d 479, 482 (Ala.Civ.App. 1994), cert.denied, 668 So.2d 575 (Ala. 1995).
"Interest must be computed upon . . . the support arrearage . . . and must be included in the judgment. Argo v. Argo,467 So.2d 258 (Ala.Civ.App. 1985)." O'Neal, 532 So.2d at 651.
 "[A]ccrued child support payments become final judgments as of the date due and may be collected as other judgments, and . . . such judgments . . . bear interest from due date. 'The judgment must be conclusive and certain in itself. All matters should be decided; damages should be assessed with specificity, leaving the parties with nothing to determine on their own.' Jewell v. Jackson Whitsitt Cotton Co., 331 So.2d 623 (Ala. 1976). The failure of the trial court to reduce the amount of interest to a sum certain . . . [was] error. . . ."
Argo, 467 So.2d at 259 (emphasis added). It is not possible for the parties or for this court to compute interest on the father's arrearage without knowing for what months or for how long the father's child support obligation had not been paid. The trial court should have calculated the interest due on the arrearage.
The service of an income withholding order is permissible, but not mandatory, before the obligor becomes delinquent in his payments. Hermsmeier v. McCoy, 563 So.2d 1058
(Ala.Civ.App. 1990). If the obligor is the monetary equivalent of one month late in his support obligation, however, the trial court has no discretion not to issue an income withholding order and have it served on the obligor's employer. Blackston v.Blackston, 607 So.2d 1262, 1265 (Ala.Civ.App. 1991); Ala. Code 1975, § 30-3-61(d). Here, the court decided not to have the income order served because the court determined that the father was self-employed. Even if the evidence supported that determination, and it does not,[1] the court had no discretion not to have the order served, because the father's arrearage amounted to more than one month's child support.
The father testified that he was willing to pay $20 per week toward his child support arrearage, but the trial court ordered only that he pay $50 per month toward the arrearage. The mother argues that the trial court abused its discretion by not ordering the father to pay at least the amount he declared he was willing to pay toward the arrearage. *Page 375 
The trial court has discretion to set a reasonable arrearage payment schedule commensurate with the parent's ability to pay.Cook v. Cook, 578 So.2d 1354 (Ala.Civ.App. 1991). This court has held that "where a large arrearage is owed the trial court may abuse its discretion in failing to award a large enough amount toward the arrearage to satisfy the debt within a reasonable period of time." State ex rel. Thompson v. Thompson,586 So.2d 7, 8 (Ala.Civ.App. 1991) (ordering $10 per week toward an arrearage of over $32,000 was an abuse of discretion); Hawkins v. Harvey, 481 So.2d 907
(Ala.Civ.App. 1985) (ordering $40 per month toward an arrearage of $18,875 was an abuse of discretion). However, this court has also held that "if the ability of a parent to pay child support is so exceeded that the parent is unable to meet his own cost of self-maintenance without sinking into insolvency, the best interests of the children are not served." Cook, 578 So.2d at 1358.
The arrearage in this case was not particularly large, and we do not think the court abused its discretion by ordering the father to pay $50 per month, rather than $20 per week, toward the arrearage. The father testified that his net weekly pay varied between $400 and $750. His weekly child support obligation was $192, an amount that included $132 for the two children of this marriage and $60 for one child by another marriage. The father stated that he had a "tremendous amount of insurance obligations," including premiums on a $300,000 life policy naming as beneficiaries the two children of this marriage, as well as separate policies for the children's education and for health and dental insurance. The father testified, "I can't keep all these things going in this decree without — . . . I overburdened myself by signing these divorce papers." The court was within its discretion in requiring a payment that was less than the father claimed he was able to pay.
That portion of the judgment concerning repayment of the arrearage is affirmed. For the reasons stated, the remaining portions of the judgment are reversed and the cause is remanded for the entry of an order complying with the principles outlined in this opinion.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
ROBERTSON, P.J., and YATES, J., concur in the result only.
[1] The father testified that he was a salesperson "on a commission, . . . which is self-employed." Later, however, he admitted that he had an employer and that his employer paid him weekly. He said that he did not want an income withholding order entered and served because he "[did not] want to inconvenience [his] employer with [his] position, with growth potential within [his] company."