MOORE, Judge.
On June 29, 2009, the Etowah County Department of Human Resources (“DHR”) filed a petition in the Etowah Juvenile Court (“the juvenile court”), asserting that J.E. (“the child”) was dependent because he was “without proper parental care and control necessary for his well-being” and that the child’s mother, D.E. (“the moth *392 er”), who was 16 years old at the time, was in DHR’s custody because she had no home and no income with which to support the child. DHR requested that it be awarded temporary custody of the child.
A shelter-care hearing was held on June 30, 2009, after which the juvenile court entered an order finding that “an emergency situation exists which requires the immediate temporary removal of the child from his/her home” and transferring pen-dente lite custody of the child to DHR. Following a hearing on July 8, 2009, the juvenile court entered a judgment that same date finding the child dependent and transferring custody of the child to DHR.
On September 17, 2009, following a review hearing, the juvenile court entered a “judicial review order” in which it found, among other things, that the child was safe in foster care, that services had been offered to the mother, that returning the child to the mother’s custody would be contrary to the welfare of the child, and that a custody placement other than with the mother would be in the best interests of the child’s health and safety. The juvenile court continued custody of the child with DHR,
On December 18, 2009, the juvenile court entered a “judicial review order” in which it, among other things, determined that the child remained safe in foster care, continued legal custody of the child with DHR, and ordered “DNA testing” of the child and J.D.R. to determine whether J.D.R. was the biological father of the child. Based on the results of that DNA testing, the juvenile court, on January 25, 2010, entered an order on the case-action-summary sheet adjudicating J.D.R. (“the father”) to be the child’s father.
On September 16, 2010, DHR filed a petition to terminate the parental rights of the mother and the father; the juvenile court entered an order setting the termination hearing to occur on December 15, 2010. Because the mother’s whereabouts were unknown, she was served by publication. The mother sent the juvenile court a letter, dated October 14, 2010, in which she stated that she was writing the letter regarding her parental rights and that she was, at that time, “in the [substance-abuse] program at Etowah County Detention Center.” The father sent the juvenile court a letter, dated October 15, 2010, in which he stated, among other things, that he was in the Calhoun County Jail, that he had received a summons and a petition for termination of his parental rights from the juvenile court, and that he would be released from the Calhoun County Jail on November 23, 2010; he requested that the juvenile court “allow [him] to get released from Calhoun County [Jail] before a decision is made regarding [the child].”
The termination hearing was held on December 15, 2010. The mother appeared at the hearing with counsel and testified that she was consenting to the termination of her parental rights; the father did not appear at the hearing. The juvenile court subsequently entered a judgment on December 21, 2010, terminating the parental rights of the mother and the father to the child.
Thereafter, on April 25, 2011, the father filed an “affidavit of substantial hardship and order” requesting that the juvenile court appoint an attorney to represent him; the juvenile court granted that motion on April 26, 2011. On May 19, 2011, the father, through counsel, filed a motion for relief from the December 21, 2010, judgment, pursuant to Rule 60(b)(1), Ala. R. Civ. P., in which he asserted:
“2. That [DHR] filed a petition to terminate the parental rights of ... [the father].
*393 “3. That the [father] was served with said petition while incarcerated. (See Attached as Exhibit A — Affidavit of [the father])
“4. That the [father] mailed a letter/answer to the Clerk of the Court which was received and filed in this matter.
“5. That a hearing was set for December 15, 2010 on DHR’s petition.
“6. That an Order was subsequently filed acknowledging the mother’s desire to voluntarily terminate her parental rights.
“7. That said Order further terminated the rights of the [father].
“8. That [the father] avers that he had no knowledge of the hearing set for December 15, 2010 and was never given proper notice of said hearing.
“9. That [the father’s] lack of knowledge of said hearing is evidenced in his letter to the Court wherein he asked to be allowed to be released from jail before the Court made a decision in the matter. [The father’s] statement is contrary to any claim that he knew of a hearing set in December as he was due to be released in November but did not have knowledge of when a decision would be made.
“10. That [the father] avers that he was released from incarceration in November 2010 and would have attended said hearing if he had knowledge of the same.
“11. That this matter is of such a severe nature that [the father] should be allowed to be present at a hearing.
“12. That due to [the father’s] mistake, inadvertence, surprise, or excusable neglect, he hereby moves the Court for relief from the [judgment] in this matter.”
On June 22, 2011, the juvenile court purported to enter a judgment denying the father’s motion for relief from judgment. The father filed his notice of appeal to this court on July 6, 2011.
Although neither party has raised the issue of this court’s jurisdiction to consider this appeal, “jurisdictional matters are of such significance that an appellate court may take notice of them ex mero motu.” Kennedy v. Merriman, 963 So.2d 86, 88 (Ala.Civ.App.2007).
The juvenile court entered a judgment on December 21, 2010, terminating the parental rights of the father. On May 19, 2011, nearly five months after the juvenile court entered its judgment, the father moved the juvenile court to set aside its December 21, 2010, judgment. In his motion, the father alleged, among other things, that “he had no knowledge of the hearing set for December 15, 2010 and was never given proper notice of said hearing.” Although the father did not specifically reference Rule 60(b), Ala. R. Civ. P., in his motion, he stated that he was seeking relief from the judgment “due to [his] mistake, inadvertence, surprise, or excusable neglect,” which are grounds under Rule 60(b)(1). See Dobbins v. Anderson, 496 So.2d 63, 64 (Ala.Civ.App.1986) (holding that Rule 60(b)(1) applies to a motion filed by a party alleging that he or she did not have notice of the trial date); see also Noll v. Noll, 47 So.3d 275, 278 (Ala.Civ.App.2010) (accord). A motion made pursuant to Rule 60(b)(1) must be brought within four months of the entry of the judgment from which relief is sought.[1] See Rule 60(b) (“The motion shall be made within a *394 reasonable time, and for reason[ ] (1) ... not more than four (4) months after the judgment, order, or proceeding was entered or taken”). The father filed his motion nearly five months after the entry of the December 21, 2010, judgment, outside the four months allowed by Rule (60)(b). Accordingly, the father’s motion, made pursuant to Rule 60(b)(1), was untimely filed.
A trial court lacks jurisdiction to consider a Rule 60(b) motion that is not timely filed. See Noll, 47 So.3d at 279. Accordingly, the juvenile court lacked jurisdiction to consider the father’s untimely May 19, 2011, Rule 60(b) motion and to enter its June 22, 2011, judgment denying that motion. Because the juvenile court’s June 22, 2011, judgment was entered without jurisdiction, it is void. Jones v. Sears Roebuck & Co., 342 So.2d 16, 17 (Ala.1977). A void judgment will not support an appeal. Id. Accordingly, we dismiss the father’s appeal, albeit with instructions to the juvenile court to vacate its void judgment.
APPEAL DISMISSED WITH INSTRUCTIONS.
THOMPSON, P.J., and PITTMAN, BRYAN, and THOMAS, JJ„ concur.

. Rule 1(A), Ala. R. Juv. P., provides, in pertinent part: "If no procedure is specifically provided in these Rules or by statute, the Alabama Rules of Civil Procedure shall be applicable to those matters that are considered civil in nature.”