PER CURIAM.
Step Burgess (“the husband”) appeals from the judgment of the Jefferson Circuit Court divorcing him from Reatha Burgess (“the wife”).
The wife filed an action seeking a divorce from the husband on June 9, 2010. Her complaint indicated that the parties married in 1981. By the time of the final hearing in the action, both of the children who were born of the marriage had reached the age of majority.
In July 2011, the parties entered into a settlement agreement dividing their marital property, including several parcels of real property. On July 29, 2011, the trial court entered a final judgment (“the divorce judgment”) that divorced the parties and incorporated the terms of the settlement agreement. Among other things, the divorce judgment awarded the marital residence to the wife, awarded each party an automobile, awarded the wife three parcels of rental property, and awarded the husband the parties’ remaining real property.
On August 11, 2011, the husband filed a motion to alter, amend, or vacate the divorce judgment in which he argued that he had not fully understood the parties’ settlement agreement until he received a copy of the divorce judgment.[1] On August 16, 2011, the wife filed a response to the husband’s postjudgment motion. In that filing, the wife sought an order from the court denying the husband’s postjudgment motion and requiring the husband to execute deeds conveying his interest in the three rental properties and the marital *1239 residence to her as called for in the divorce judgment; she also sought an award of an attorney fee.
On August 30, 2011, the wife filed an “amended response and postjudgment [motion] to alter, amend, and modify [the] final order.” In that motion, the wife argued that the husband had failed to pay certain debts and expenses related to one of the rental properties, including a sewer lien of $550, back taxes of $1,460.07, and a mortgage note on which a total of $850 was owed for three months of past-due payments. The wife stated that those debts were incurred before the entry of the divorce judgment, and she sought an award of those amounts. The wife also alleged that the husband had removed a pistol and a treadmill from the marital residence, and she sought an order requiring him to return those items. The wife’s August 30, 2011, motion was filed 32 days after the entry of the July 29, 2011, divorce judgment, and, therefore, it did not constitute a timely and valid postjudgment motion. See Rule 59(e), Ala. R. Civ. P. (a post-judgment motion must be filed within 30 days).
The trial court held a hearing, after which, on October 24, 2011, it entered an order titled “amended final [judgment] of divorce.” In its October 24, 2011, amended divorce judgment, the trial court denied the relief the husband sought in his post-judgment motion, purported to grant the relief requested by the wife in her August 30, 2011, motion, and denied all other requested relief.
On November 14, 2011, the husband filed what he titled a “motion for reconsideration” in which he argued that the trial court had erred in that part of its October 24, 2011, order in which it purported to grant the relief sought by the wife in her August 30, 2011, motion. On December 20, 2011, after a hearing on the husband’s November 14, 2011, motion, the trial court entered an order purporting to deny that motion. On January 12, 2012, the husband filed a notice of appeal to this court.
As an initial matter, we must address the issue whether this court has jurisdiction to consider this appeal. “ ‘[J]urisdictional matters are of such magnitude that we take notice of them at any time and do so even ex mero motu.'” Wallace v. Tee Jays Mfg. Co., 689 So.2d 210, 211 (Ala.Civ.App.1997) (quoting Nunn v. Baker, 518 So.2d 711, 712 (Ala.1987)). The timely filing of a notice of appeal is a jurisdictional act. Williamson v. Fourth Ave. Supermarket, Inc., 12 So.3d 1200, 1202 (Ala.2009).
A notice of appeal must be filed within 42 days of the entry of a judgment. Rule 4(a)(1), Ala. RApp. P. However, when a party files a timely postjudgment motion, the time for the filing of a notice of appeal is extended to 42 days following the trial comb’s denial of the postjudgment motion or the denial of the postjudgment motion by operation of law pursuant to Rule 59.1, Ala. R. Civ. P. Rule 4(a)(1); Williamson v. Fourth Ave. Supermarket, Inc., 12 So.3d at 1203-04; and Brooke v. Bellisle, 73 So.3d 1279, 1281 (Ala.Civ.App.2011). A timely postjudgment motion must be filed within 30 days of the entry of the final judgment. Rule 59(e); Marsh v. Marsh, 852 So.2d 161 (Ala.Civ.App.2002).
In this case, the husband timely filed his August 11, 2011, postjudgment motion within 30 days of the entry of the July 29, 2011, final divorce judgment. However, the wife’s August 30, 2011, motion was filed 32 days following the entry of the July 29, 2011, divorce judgment. Accordingly, the August 30, 2011, motion filed by the wife, purportedly pursuant to Rule 59(e), was not timely filed, and, therefore, the trial court had no jurisdiction to *1240 rule on the wife’s motion. Marsh v. Marsh, 852 So.2d at 163 n. 3; Dickerson v. Dickerson, 885 So.2d 160 (Ala.Civ.App.2003) (in the absence of a timely filed postjudgment motion, the trial court had no jurisdiction to amend its judgment more than 30 days after the entry of that judgment). Thus, that part of the trial court’s October 24, 2011, order awarding the relief the wife requested in her untimely postjudgment motion was void for want of jurisdiction. See J.B. v. A.B., 888 So.2d 528, 532 (Ala.Civ.App.2004) (“An order entered by a trial court without jurisdiction is a nullity.”).
We note that in Henderson v. Koveleski, 717 So.2d 803 (Ala.Civ.App.1998), this court held that a trial court could amend or correct its judgment so as long as one party’s postjudgment motion was pending. In that case, the trial court entered a divorce judgment that, among other things, awarded child support but failed to set forth a withholding order as required by law. See § 30-3-6(a), Ala.Code 1975. While one of the father’s postjudgment motions remained pending, on July 31, the trial court, sua sponte, entered an income-withholding order. This court concluded that the July 31 order “constituted a permissible amendment” to the original judgment. Henderson v. Koveleski, 717 So.2d at 806. In reaching that determination, this court explained:
“Although a trial court generally loses jurisdiction to amend its judgment 30 days after the entry of judgment (see Ex parte Owen, 420 So.2d 80, 81 (Ala.1982)), a trial court retains the power to correct sua sponte any error in its judgment that comes to its attention during the pendency of a party’s Rule 59(e) motion to alter, amend, or vacate the judgment, regardless of whether the error was alleged or not alleged in the motion. See, e.g., Varley v. Tampax, Inc., 855 F.2d 696, 699 (10th Cir.1988); Charles v. Dailey, 799 F.2d 343, 347 (7th Cir.1986); Arnold v. Sullivan, 131 F.R.D. 129, 133 (N.D.Ind.1990). Thus, the trial court acted within its jurisdiction by issuing its August 1, 1997, income withholding order, which effectively amended its April 24, 1997, judgment so as to comply with the requirements of § 30-3-61 [, Ala.Code 1975]. Moreover, we note that the trial court had the discretion to direct immediate implementation of the income withholding order by directing service of the order upon the father’s employer. Ala.Code 1975, § 30-3-61(c); Henderson v. Henderson, 680 So.2d 373, 374 (Ala.Civ.App.1996) (citing Hernismeier v. McCoy, 563 So.2d 1058 (Ala.Civ.App.1990)).”
Id. (emphasis added).
We conclude, however, that the facts of this case are distinguishable from those of Henderson v. Koveleski, supra. In that case, the trial court amended its order to correct the judgment. That amendment afforded one of the parties relief she had originally requested. In this case, however, in its October 24, 2011, order, the trial court afforded the wife new relief. Before it entered its July 29, 2011, divorce judgment incorporating the agreement of the parties, the trial court received testimony from the husband and the wife that each understood the terms of the proposed settlement agreement and that that agreement resolved all the pending issues and claims between the parties. In her August 30, 2011, motion, the wife specifically stated that she was seeking reimbursement for amounts the husband apparently should have paid before the entry of the divorce judgment. Thus, in that motion, the wife sought to recover amounts that could have been, but were not, addressed in the settlement agreement and divorce judgment. In other words, the reimbursement amount for *1241 debts or expenses the wife attempted to recover in her August 30, 2011, motion was not sought as a result of an error in the divorce judgment. Rather, the wife’s claim for relief was caused by an apparent failure to recognize before the entry of the divorce judgment that there existed outstanding debts or expenses on the property at issue that could have been addressed in that original divorce judgment. Accordingly, we cannot say that the fact that the husband’s postjudgment motion was pending allowed the trial court to amend the divorce judgment so as to award the wife monetary relief based upon new claims.
Pursuant to Rule 59.1, Ala. R. Civ. P., the trial court had 90 days to rule upon the husband’s timely, August 11, 2011, post-judgment motion. The trial court ruled on that motion within those 90 days, and, therefore, it had jurisdiction to enter that portion of its October 24, 2011, order denying the relief requested by the husband in his postjudgment motion.
The husband did not appeal the denial of his postjudgment motion within the 42 days allowed by Rule 4(a)(1), Ala. R.App. P. Rather, he filed a second motion purportedly pursuant to Rule 59. Our supreme court has explained, however, that “if a party has his own post-judgment motion denied, the review of that denial is by appeal. The rules do not provide for a ‘motion to reconsider’ the denial of one’s own post-judgment motion.” Ex parte Mutual Sav. Life Ins. Co., 765 So.2d 649, 651 (Ala.1998). Thus, to the extent the husband argues on appeal that the trial court erred in denying his August 11, 2011, postjudgment motion, that argument is not timely asserted. We dismiss that part of the husband’s appeal pertaining to the denial of his postjudgment motion as being untimely filed. Rule 2(a)(1), Ala. R.App. P.; Momar, Inc. v. Schneider, 823 So.2d 701, 707 (Ala.Civ.App.2001).
The husband also raises issues in his appellate brief concerning that part of the trial court’s October 24, 2011, order that purports to grant the relief requested by the wife in her untimely postjudgment motion. However, the void portions of that order cannot support an appeal. J.D.R. v. Etowah Cnty. Dep’t of Human Res., 86 So.3d 391, 394 (Ala.Civ.App.2011). Accordingly, we dismiss that portion of the husband’s appeal pertaining to those portions of the October 24, 2011, order that are void for want of jurisdiction, “albeit with instructions to the [trial] court to vacate” those void portions of that order. Id.
The appellee’s request for an attorney fee is denied.
APPEAL DISMISSED WITH INSTRUCTIONS.
THOMPSON, P.J., and PITTMAN, BRYAN, and THOMAS, JJ., concur.
MOORE, J., concurs in the result, without writing.

. Although the husband indicated that his motion was filed pursuant to Rule 59, Ala. R. Civ. P., and Rule 60, Ala. R. Civ. P., we conclude that, because the motion did not seek relief pursuant to Rule 60(b), that motion was filed pursuant to Rule 59(e), Ala. R. Civ. P. See Morrison v. Phillips, 992 So.2d 743, 744 (Ala.Civ.App.2008) (the "motion did not ... allege any ground justifying relief under Rule 60(b), Ala. R. Civ. P. The motion was, in both form and substance, a Rule 59(e), Ala. R. Civ. P., motion”); see also Pontius v. State Farm Mut. Auto. Ins. Co., 915 So.2d 557, 562-63 (Ala.2005) ("This Court will look at the substance of a motion, rather than its title, to determine how that motion is to be considered under the Alabama Rules of Civil Procedure.”).