THOMPSON, Presiding Judge.
L.S. (“the mother”) petitions this court for a writ of mandamus directing the Madison Juvenile Court (“the trial court”) to vacate its order of January 29, 2013, as void for lack of jurisdiction and to rein *94 state a judgment the trial court entered on December 17, 2012.
The case-action summary indicates that on December 17, 2012, the trial court entered a judgment ratifying the juvenile-court referee’s recommendation of December 11, 2012, that custody of the mother’s two children (“the children”) be awarded to C.B., the children’s paternal grandmother (“the grandmother”), subject to visitation by the mother. The grandmother lives in Kentucky. The referee further recommended that the Madison County Department of Human Resources (“DHR”) be relieved of temporary custody of the children and that the case be closed to further court action.
On January 3, 2013, 17 days after the judgment was entered, DHR filed a “Motion to Review Custody Status.” In the motion, DHR stated that the parties had entered an agreement pursuant to which custody of the children was to be awarded to the grandmother. According to DHR, the Kentucky Cabinet for Families and Children (“KCFC”) had approved a study on the grandmother pursuant to the Interstate Compact on the Placement of Children (“ICPC”), but, at - the time of the children’s permanency hearing on December 11, 2012, KCFC had not yet made a recommendation regarding the transfer of custody of the children. DHR stated that “[tjransfer of custody of the children before recommendation by [KCFC] is outside of [DHR] policy and may jeopardize the children’s ICPC placement.” DHR asked the trial court to return the children to DHR’s custody until KCFC recommended the transfer of custody to the grandmother.
On January 28, 2013, the trial court held a hearing on the motion to review the status of the children. During that hearing, it was brought to the court’s attention that the mother’s visitation with the children “was not going smoothly.” On January 29, 2013, the trial court entered an order allowing the children to continue residing with the grandmother but reinvesting DHR with legal custody of the children. The order also terminated the mother’s visitation with the children and ordered the mother to attend parenting classes at her own expense. DHR and the grandmother were to work with the appropriate Kentucky officials to arrange supervised visitation between the mother and the children. An evidentiary hearing was scheduled for February 20, 2013, on the issue of visitation.
On February 4, 2013, the mother filed a motion to dismiss, asserting that DHR’s motion to review the children’s custody status was untimely filed and that the trial court no longer had jurisdiction over the matter. She asked that the evidentiary hearing be canceled and that the January 29, 2013, order suspending her visitation rights be set aside as void. The trial court did not rule on the mother’s motion to dismiss, and the evidentiary hearing was held as scheduled. On February 25, 2013, the mother renewed her motion to dismiss for lack of subject-matter jurisdiction. As of June 10, 2013, the date the petition for a writ of mandamus was filed with this court, the trial court still had not ruled on the mother’s motion to dismiss. From the materials provided to this court in support of and in opposition to the petition, it does not appear that the trial court entered an order or judgment after the February 20, 2013, hearing.
In seeking a writ of mandamus, the mother asserts that the trial court no longer has jurisdiction over this matter and that the order of January 29, 2013, is void and must be set aside because the trial court did not have jurisdiction to enter the order.
*95 The question of subject-matter jurisdiction is reviewable by a petition for a writ of mandamus. Ex parte Flint Constr. Co., 775 So.2d 805 (Ala.2000). “Mandamus is a drastic and extraordinary writ, to be issued only where there is (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.” Ex parte Integon Corp., 672 So.2d 497, 499 (Ala.1995).
Rule 1(B), Ala. R. Juv. P., provides that all postjudgment motions in juvenile proceedings must be filed within 14 days after entry of the judgment or order. See J.E v. State Dep’t of Human Res., 103 So.3d 807, 809 (Ala.Civ.App.2012) (A motion to set aside filed more than 14 days after the entry of the order at issue was not a valid postjudgment motion.). The 14th day after the entry of the December 17, 2012, order was December 31, 2012.[1] DHR’s “Motion to Review Custody Status” was not filed until January 3, 2013; therefore, it was untimely.
Because DHR’s postjudgment motion was untimely, the trial court had no jurisdiction to rule on it. Burgess v. Burgess, 99 So.3d 1237, 1239-40 (Ala.Civ.App.2012). An order entered by a trial court without jurisdiction is a nullity. J.B. v. A.B., 888 So.2d 528, 532 (Ala.Civ.App.2004). Accordingly, the order of January 29, 2013, that, among other things, suspended the mother’s visitation with the children is void and due to be set aside.
The mother has demonstrated that she has a clear legal right to the relief requested and that the trial court has failed to rule on her motion to dismiss this action or to set aside the January 29, 2013, order as void. Accordingly, we grant the mother’s petition and issue a writ of mandamus directing the trial court to vacate its order of January 29, 2013, and to reinstate the final judgment of December 17, 2012.
PETITION GRANTED; WRIT ISSUED.
PITTMAN, THOMAS, MOORE, and DONALDSON, JJ., concur.

. We take judicial notice of the fact that the Madison County courthouse was open on December 31, 2012.