Rel: December 20, 2024

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is printed in **Southern Reporter**.

# SUPREME COURT OF ALABAMA

## OCTOBER TERM, 2024-2025

_____

## SC-2024-0217

_____

**William Jenkins, as the personal representative of the Estate of Carl Grant, deceased**

**v.**

**City of Birmingham, Randall Woodfin, Scott Thurmond, Clinton Woods, Hunter Williams, Valerie Abbott, Jonathan T. Moore, Darrell O'Quinn, Crystal Smitherman, Wardine Alexander, Carol Clarke, Latanya Tate, and Vincent Larry**

**Appeal from Jefferson Circuit Court**
**(CV-22-902083)**

BRYAN, Justice.

William Jenkins, as the personal representative of the estate of Carl Grant, deceased, appeals from a judgment of the Jefferson Circuit Court ("the circuit court") entered in favor of Vincent Larry; the City of

Birmingham ("the City"); Randall Woodfin, the City's mayor; Scott Thurmond, the City's chief of police; and city-council members Clinton Woods, Hunter Williams, Valerie Abbott, Jonathan T. Moore, Darrel O'Quinn, Crystal Smitherman, Wardine Alexander, Carol Clarke, and Latanya Tate. Apart from Larry, all the appellees are hereinafter collectively referred to as "the City defendants." For the reasons explained below, we must dismiss this appeal.

## Background

Jenkins's complaint in this action alleged the following. Grant, a veteran of the Vietnam War, suffered from a range of health problems, including dementia and post-traumatic stress disorder. Grant was a resident of Conyers, Georgia, and, on February 2, 2020, he left his home to go to the grocery store. Somehow, Grant ended up in Birmingham.

Larry, a police officer employed by the City, found Grant disoriented and confused in a neighborhood. Larry detained Grant for a misdemeanor offense and placed Grant in his patrol vehicle. Grant was transported to the emergency room of a hospital. Hospital staff treated Grant for minor skin abrasions on his face and began the process of discharging him from care.

Grant then asked to use the restroom, and Larry accompanied him. Jenkins alleged:

> "As Grant was walking to the restroom, he was[,] for unknown reasons[,] physically accosted and manhandled by Larry …. Apparently annoyed at the lack of comprehension from the clearly disoriented Grant, in the middle of the hospital hallway and in plain view of attending nurses, physicians, other staff, and video[-]surveillance equipment, Larry … violently picked Grant up and slammed him to the floor. … Upon impact with the floor, Grant's body immediately became limp."

Grant suffered injuries to his spinal cord. After undergoing emergency surgery and months of treatment, Grant died on July 24, 2020.

Jenkins commenced this action on July 18, 2022, against Larry, the City defendants, and fictitiously named defendants. Jenkins's complaint asserted the following counts: (1) municipal liability, (2) negligence/wantonness, (3) battery, (4) wrongful death, and (5) negligent training/supervision. Jenkins sued all the named defendants in both their official and individual capacities.

On August 17, 2022, the City defendants filed a motion to dismiss or, in the alternative, a motion for a summary judgment. The City defendants argued that Jenkins had failed to timely file a notice of his claims in accordance with the requirements of §§ 11-47-23 and 11-47-192,

3

Ala. Code 1975. The City defendants also argued that Jenkins's official-capacity claims against them were barred by the doctrine of State immunity. They further argued that Jenkins's individual-capacity claims were due to be dismissed because those claims, the City defendants argued, were substantively claims against the City that were barred by the doctrine of State immunity.

The City defendants also asserted that Jenkins's claims against Woodfin, Thurmond, and the members of the city council were barred by the doctrines of supervisory immunity and State-agent immunity. The motion contended that Jenkins's claims against Thurmond, the chief of police for the City, should be dismissed because, the motion asserted, Thurmond had begun serving as the chief of police two weeks after Grant's death and Jenkins's allegations did not involve Thurmond. Finally, the motion argued that an award of punitive damages against the City was barred by § 6-11-26, Ala. Code 1975, and that Jenkins's allegations against the individual City defendants were insufficient to support a punitive-damages award under § 6-11-20, Ala. Code 1975. The City defendants did not attach any evidence in support of their motion.

4

Jenkins submitted a response to the City defendants' motion. On November 7, 2022, Jenkins filed a motion for an entry of default against Larry and requested a hearing to determine damages. Larry filed an answer on January 9, 2023, and, later, a "motion to make moot" Jenkins's motion for an entry of default against him. The circuit court entered an order declaring Jenkins's motion for an entry of default to be moot. On February 18, 2023, Jenkins filed an amended complaint, adding certain allegations.

On February 22, 2023, the circuit court entered an order granting the City defendants' motion to dismiss or, in the alternative, motion for a summary judgment. In its order, the circuit court determined that Jenkins had failed to comply with the requirements of §§ 11-47-23 and 11-47-192 in asserting his claims. The circuit court stated: "It is therefore ORDERED, ADJUDGED and DECREED that the [d]efendants' [m]otion for [a s]ummary [j]udgment is hereby GRANTED; and, any and all claims asserted by [Jenkins] against the [d]efendants[] are hereby DISMISSED, with prejudice." (Capitalization in original.)

The case-action summary in the State Judicial Information System ("SJIS") includes a February 23, 2023, entry stating: "CASE ASSIGNED

5

STATUS OF: DISPOSED." (Capitalization in original.) Another entry from that day states: "DISPOSED ON: 02/22/2023 BY (SUMMARY JUDGMT)." (Capitalization in original.) The SJIS case-action summary also includes a separate entry for each named defendant dated February 23, 2023, stating: "DISPOSED BY (SUMMARY JUDGMT) ON 02/22/2023." (Capitalization in original.)

On March 21, 2023, Jenkins filed a postjudgment motion to alter, amend, or vacate the circuit court's February 22, 2023, order pursuant to Rule 59(e), Ala. R. Civ. P. The motion also purported to seek relief under Rule 60(b), Ala. R. Civ. P. Among other things, Jenkins asserted the following in his motion:

> "Per Alacourt, the Court's [o]rder dismissed all [d]efendants, including Vi[n]cent Larry, even though Larry did not file a motion for [a] summary judgment or [a] motion to dismiss and[,] in fact, Larry filed an [a]nswer on or about January 9, 2023. Over the course of the Court's [o]rder, the Court refers inconsistently to singular and plural [d]efendants, subsequently entering summary judgment in favor of all of them, even one who was not a joint filer of the motion that is the subject of the Court's [o]rder and has not filed his own motion (whether to dismiss, for summary judgment, or otherwise). Such a grant of summary judgment in favor of … Larry violates [Jenkins]'s rights."

On April 7, 2023, Larry filed what he labeled as a "motion for [a] summary judgment," asserting, among other things: "This Honorable

Court entered an [o]rder … on February 22, 2023, dismissing all claims against all parties, including Larry …, based on [Jenkins]'s failure to timely file a [n]otice of [c]laim pursuant to Ala. Code § 11-47-23." After noting Jenkins's argument in his March 21, 2023, motion regarding Larry's failure to move for a summary judgment, Larry asserted: "Larry now files this [m]otion for [a s]ummary [j]udgment based upon some of the same arguments contained within the other defendants[' m]otion to [d]ismiss or[,] in the alternative[, m]otion for [a s]ummary [j]udgment."

On April 28, 2023, Jenkins filed a "motion for clarification of the Court's order entered on February 22, 2023." The motion stated: "With this [o]rder, this [C]ourt dismissed all defendants, including Larry who did not file a motion to dismiss or join the other defendants in their motion …." Jenkins went on to note Larry's April 7, 2023, "motion for [a] summary judgment," stating: "Larry's [motion] suggests that he believes the case has not been dismissed against him. [Jenkins] seeks clarification as to whether the case remains active against … Larry and whether the court considers the [m]otion for [a s]ummary [j]udgment filed by … Larry to be a pending motion …." Jenkins's motion continued:

> "If the concerned [o]rder is in fact a final order, [Jenkins] intends to file a notice of appeal within 42 days of this [C]ourt

either denying the motion to vacate/reconsider or within 42 days of the motion being denied by operation of law based on no action being taken by the [C]ourt. [Jenkins] seeks clarification as to whether the Court intended to dismiss the entire case against all [d]efendants and[,] thus[,] the February 22[, 2023, o]rder[,] or if the [o]rder was only intended to dismiss the City as the only municipal party to this dispute."

Jenkins asserted that the February 22, 2023, order was unclear and ambiguous "as to which defendants were dismissed, the capacity in which they were dismissed, and whether … Larry was included in the dismissal." Jenkins continued: "Clarification is necessary to ensure that all parties fully understand their rights and obligations under the Court's order and to prevent any further misunderstandings or disputes."

On May 26, 2023, the City defendants filed a motion to strike Jenkins's March 21, 2023, postjudgment motion, arguing, among other things, that Jenkins's motion relied on "inadmissible new evidence."

On June 1, 2023, Jenkins filed a "supplement" to his April 28, 2023, "motion for clarification," in which he noted that the circuit court had scheduled a hearing regarding that motion to occur on June 7, 2023. Jenkins continued:

"Several other motions are set to be heard on the same date[,] including a [m]otion for [a s]ummary Judgment filed by … Larry. … Per Alacourt and the Clerk of the Court, that[,]

8

pursuant to the order entered on February 22, 2023[,] this case is 'DISPOSED' as to all [d]efendants and[,] thus[,] it would be nonsensical or at least moot for … Larry to have a need to file a dispositive motion."

Jenkins asserted that he should not be required to respond to Larry's "motion for [a] summary judgment" before the circuit court ruled on Jenkins's April 28, 2023, "motion for clarification."

The circuit court conducted its hearing on June 7, 2023. On June 21, 2023 -- 92 days after Jenkins had filed his March 21, 2023, postjudgment motion -- the circuit court entered an order purporting to clarify its February 22, 2023, order to enter a summary judgment only for the City, Woodfin, Woods, Williams, Abbott, Moore, O'Quinn, Smitherman, Alexander, Clarke, and Tate. The June 21, 2023, order further stated: "Any and all claims asserted by [Jenkins] against … Vincent Larry and Scott Thurm[o]n[d] remain viable." The circuit court also purported to deny Jenkins's March 21, 2023, postjudgment motion.

On June 30, 2023, Jenkins filed a motion asking the circuit court to "allow this case to move forward against all [d]efendants." On July 18, 2023, Thurmond filed a motion for a summary judgment. On October 5, 2023, the circuit court entered an order purporting to grant Thurmond's

9

motion for a summary judgment and stating that Jenkins had agreed to the dismissal of his claims against Thurmond.

On November 3, 2023, Jenkins filed a notice of appeal to this Court, which we docketed as case no. SC-2023-0807. On November 7, 2023, this Court issued a show-cause order, instructing Jenkins to explain "why th[e] appeal should not be dismissed as arising from a non-final order ...." On November 14, 2023, Jenkins submitted a response to the show-cause order, noting that, as an alternative to his appeal, he had also filed a mandamus petition on November 10, 2023, which we docketed as case no. SC-2023-0828.[1] On November 28, 2023, Jenkins filed a motion to dismiss his appeal in case no. SC-2023-0807, stating that the circuit court had "set ... Larry's [m]otion for [a s]ummary [j]udgment for a hearing, demonstrating that there is still at least one [d]efendant remaining in the case and that no preceding order was a final order."

The next day, this Court granted Jenkins's motion and dismissed his appeal in case no. SC-2023-0807. This Court denied by order his mandamus petition that was docketed as case no. SC-2023-0828 on

---

[1]"[T]his court takes judicial knowledge of its own records." All American Life & Cas. Co. v. Dillard, 287 Ala. 673, 679, 255 So. 2d 17, 21 (1971).

January 18, 2024. That same day, the circuit court entered an order purporting to grant Larry's summary-judgment motion. Jenkins filed a notice of appeal to the Court of Civil Appeals on January 24, 2024. The Court of Civil Appeals transferred the appeal to this Court after concluding that it did not have jurisdiction over the appeal. This Court docketed the present appeal as case no. SC-2024-0217. For the reasons explained below, we must dismiss this appeal.

<u>Analysis</u>

Analytically, the first procedural issue that must be addressed in this case is whether the circuit court's February 22, 2023, order constituted a final judgment. "'[I]n order to terminate a civil action filed in an Alabama court, the [circuit] court must enter a final judgment in that action,' <u>i.e.</u>, one that complies with the requirements of Rule 58(b), Ala. R. Civ. P. <u>Ex parte Wharfhouse</u>, 796 So. 2d [316,] 320 [(Ala. 2001)]." <u>Deutsche Bank Nat'l Tr. Co. v. Karr</u>, 306 So. 3d 882, 887 (Ala. 2020). In relevant part, Rule 58(b), Ala. R. Civ. P., states:

> "(b) Sufficiency of Order or Judgment. An order or a judgment need not be phrased in formal language nor bear particular words of adjudication. A written order or a judgment will be sufficient if it is signed or initialed by the judge, or by the clerk in the case of a judgment entered pursuant to Rule 55(b)(1), Rule 71B(f), or Rule 71C(f), [Ala. R.

11

Civ. P.,] and indicates an intention to adjudicate, considering the whole record, and if it indicates the substance of the adjudication."

Because the circuit-court judge signed the written February 22, 2023, order, only two of the requirements of Rule 58(b) are at issue concerning the order: (1) whether the record indicates that the circuit court intended for the February 22, 2023, order to adjudicate all of Jenkins's claims against all the defendants and, if so, (2) whether the February 22, 2023, order indicated the substance of the circuit court's adjudication.

Regarding whether the circuit court's February 22, 2023, order indicates an intention to adjudicate all of Jenkins's claims against all the defendants, Rule 58(b) requires that we consider the whole record. As noted above, the SJIS case-action summary includes a February 23, 2023, entry stating: "CASE ASSIGNED STATUS OF: DISPOSED." (Capitalization in original.) Another entry from that day states: "DISPOSED ON: 02/22/2023 BY (SUMMARY JUDGMT)." (Capitalization in original.) The SJIS case-action summary also includes a separate entry for each named defendant dated February 23, 2023, stating: "DISPOSED BY (SUMMARY JUDGMT) ON 02/22/2023."

12

(Capitalization in original.) Based on the foregoing, it appears that the circuit court intended for its February 22, 2023, order to dispose of the entire case; therefore, it appears that the circuit court intended for that order to constitute a final judgment. See Karr, 306 So. 3d at 887-89.

> "Therefore, we turn to the second requirement of Rule 58(b) noted above, i.e., whether the [February 22, 2023], order indicated the substance of the circuit court's adjudication. In Hayden [v. Harris], 437 So. 2d [1283,] 1285 [(Ala. 1983)], this Court stated:
>
>> "'"[U]nder the doctrines of our cases the test of finality of a judgment to support an appeal is not whether the cause remains in fieri awaiting further proceedings to entitle the parties to their acquired rights, but whether the judgment ascertains and declares such rights embracing the substantial merits of the controversy and the material issues litigated are necessarily involved. If these rights are ascertained, the decree is final and will support an appeal."'
>
> "(Quoting Alabama Pub. Serv. Comm'n v. Redwing, Inc., 281 Ala. 111, 116, 199 So. 2d 653, 657 (1967)(emphasis added).)
>
> "In interpreting the substance of the [February 22, 2023], order, we must examine the language used in that order. 'Judgments and decrees are to be construed like other written instruments. Schwab v. Schwab, 255 Ala. 218, 50 So. 2d 435 [(1951)]; Johnson v. Harrison, 272 Ala. 210, 130 So. 2d 35 [(1961)]. The legal effect must be declared in the light of the literal meaning of the language used.' Wise v. Watson, 286 Ala. 22, 27, 236 So. 2d 681, 686 (1970)."

Karr, 306 So. 3d at 888.

13

As noted above, the circuit court's February 22, 2023, order stated: "It is therefore ORDERED, ADJUDGED and DECREED that the [d]efendants' [m]otion for [a s]ummary [j]udgment is hereby GRANTED; and, any and all claims asserted by [Jenkins] against the [d]efendants[] are hereby DISMISSED, with prejudice." (Capitalization in original; emphasis added.) The plain meaning of the language used in the order indicates the substance of the circuit court's adjudication regarding all of Jenkins's claims against all the defendants, namely, that they were dismissed with prejudice.

In light of the foregoing, we conclude that the circuit court's February 22, 2023, order sufficiently ascertained and declared the parties' rights such that it adequately indicated the substance of the circuit court's adjudication regarding all of Jenkins's claims against all the defendants. Therefore, the February 22, 2023, order constituted a final judgment.[2]

---

[2]As noted above, Jenkins's complaint also included fictitiously named defendants. However, at the time of the entry of the circuit court's judgment, the City defendants and Larry were the only defendants who had been served; Jenkins did not substitute parties for the fictitiously named defendants set out in his complaint.

14

Next, we must address the fact that Jenkins did not appeal from the February 22, 2023, judgment. Jenkins did not attempt to appeal from the February 22, 2023, judgment because, on June 21, 2023, the circuit court entered an order purporting to grant Jenkins's April 28, 2023, "motion for clarification," thereby purporting to reinstate Jenkins's claims against Thurmond and Larry. However, for the reasons explained below, we conclude that the circuit court's June 21, 2023, order was a nullity.

---

"'When there are multiple defendants and the summons or other document to be served and complaint has been served on one or more, but not all, of the defendants, the plaintiff may proceed to trial and judgment as to the defendant or defendants on whom process has been served and if the judgment as to defendants who have been served is final in all other respects, it shall be a final judgment.' Rule 4(f), [Ala. R. Civ. P.,] as amended March 1, 1982.

"Under Rule 4(f), service on the other defendants must be completed, not merely attempted, before it can be said the pending action involves other active defendants."

Owens v. National Sec. of Alabama, Inc., 454 So. 2d 1387, 1388 n.2 (Ala. 1984). See also Ex parte Harrington, 289 So. 3d 1232, 1237 n.5 (Ala. 2019)("A judgment that disposes of fewer than all the defendants is final when the defendants as to whom there has been no judgment have not yet been served with notice.").

15

On March 21, 2023, Jenkins filed a postjudgment motion to alter, amend, or vacate the circuit court's February 22, 2023, judgment pursuant to Rule 59(e). In relevant part, Jenkins argued that the circuit court had erred by entering a summary judgment for Larry in the absence of Larry's having filed a summary-judgment motion. See Moore v. Prudential Residential Servs. Ltd. P'Ship, 849 So. 2d 914, 927 (Ala. 2002)("[T]he trial court violates the rights of the nonmoving party if it enters a summary judgment on its own, without any motion having been filed by a party.").

Jenkins's postjudgment motion also cited Rule 60(b), arguing that Jenkins should be relieved from the February 22, 2023, judgment based on a "mistake" or "any other reason justifying relief." Thus, it appears that Jenkins alternatively requested relief under Rule 60(b)(1) or (6). Substantively, Jenkins's request for relief under Rule 60(b) still amounted to a Rule 59(e) motion under these circumstances. See City of Birmingham v. City of Fairfield, 396 So. 2d 692, 695 (Ala. 1981)("'[A view of] 'mistake' [under Rule 60(b)(1) that would] mean[] any type of judicial error, [would] make[] relief under the rule for error of law as extensive as that available under Rule 59(e), which permits motions to "alter or

16

amend judgments." Obviously any such motion presupposes a mistake.'" (quoting <u>Silk v. Sandoval</u>, 435 F.2d 1266, 1268 (1st Cir. 1971))); and <u>Cornelius v. Green</u>, 477 So. 2d 1363, 1365 (Ala. 1985)("In <u>Nowlin v. Druid City Hospital Board</u>, 475 So. 2d 469 (Ala. 1985), this Court set forth a very strict standard for granting relief under a Rule 60(b)(6) motion. The Court held that since the ground could have been raised in a Rule 59(e) motion or on appeal, the defendant was not entitled to Rule 60(b)(6) relief. <u>Nowlin</u>, supra."). Thus, Jenkins's March 21, 2023, postjudgment motion is properly viewed as a Rule 59(e) motion.

Under Rule 4(a)(1), Ala. R. App. P., a notice of appeal must be filed within 42 days of the entry of the judgment being appealed. Rule 4(a)(3) provides, in pertinent part: "The filing of a post-judgment motion pursuant to Rules 50, 52, 55, or 59 of the Alabama Rules of Civil Procedure … shall suspend the running of the time for filing a notice of appeal." Rule 59.1, Ala. R. Civ. P., provides, in relevant part:

> "No postjudgment motion filed pursuant to Rules 50, 52, 55, or 59 shall remain pending in the trial court for more than ninety (90) days, unless with the express consent of all the parties, which consent shall appear of record, or unless extended by the appellate court to which an appeal of the judgment would lie, and such time may be further extended

17

for good cause shown.[3] ... <u>A failure by the trial court to render an order disposing of any pending postjudgment motion within the time permitted hereunder, or any extension thereof, shall constitute a denial of such motion as of the date of the expiration of the period</u>."

(Emphasis added.) Rule 6(a), Ala. R. Civ. P., provides, in relevant part:

"In computing any period of time prescribed or allowed by these rules, by order of court, or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday, in which event the period runs until the end of the next day which is not a Saturday, a Sunday, or a legal holiday, or, when the act to be done is the filing of a paper in court, a day on which weather or other conditions have made the office of the clerk of the court inaccessible, in which event the period runs until the end of the next day that is not one of the aforementioned days. … As used in this rule and in Rule 77(c)[, Ala. R. Civ. P.,] 'legal holiday' includes New Year's Day, Birthday of Martin Luther King, Jr., Presidents' Day, Memorial Day, Independence Day, Labor Day, Columbus Day, Veterans Day, Thanksgiving Day, Christmas Day, <u>and any other day appointed as a holiday by</u> the President or <u>the Congress of the United States</u>, or as prescribed in § 1-3-8, Code of Alabama 1975."

(Emphasis added.)

The 90th day following the filing of Jenkins's March 21, 2023, postjudgment motion was June 19, 2023. June 19 was appointed as

---

[3]Neither of these circumstances are present in this case.

Juneteenth National Independence Day -- a legal public holiday -- by Congress in 2021. See 5 U.S.C. § 6103(a). Thus, the period for the circuit court to rule on the portion of Jenkins's March 21, 2023, postjudgment motion filed pursuant to Rule 59(e) ran "until the end of the next day" -- June 20, 2023. See Rule 6(a).

Therefore, Jenkins's March 21, 2023, postjudgment motion filed pursuant to Rule 59(e) was denied by operation of law pursuant to Rule 59.1 on June 20, 2023, and the circuit court lost jurisdiction to rule on that motion. See Ex parte Hornsby, 663 So. 2d 966, 967 (Ala. 1995)("If a trial judge allows a post-trial motion to remain pending, and not ruled upon, for 90 days, … then the motion is denied by operation of law and the trial judge loses jurisdiction to rule on that motion."); see also Ex parte Johnson Land Co., 561 So. 2d 506, 508 (Ala. 1990)("[T]he operation of Rule 59.1 makes no distinction based upon whether the failure to rule appears to be 'inadvertent [or] deliberate ... [or] any other type of failure.'" (quoting Howard v. McMillian, 480 So. 2d 1251, 1252 (Ala. Civ. App. 1985))). Consequently, the circuit court's June 21, 2023, order could not have properly reinstated Jenkins's claims against Thurmond and Larry based on the arguments raised in Jenkins's March 21, 2023,

postjudgment motion. See Ex parte Hornsby, 663 So. 2d at 967 ("'[T]he trial court's order reinstating the [plaintiff's] case to the court docket was a nullity due to the trial court's lack of jurisdiction. This cause is due to be dismissed by the trial court and removed from the court docket, and it is so ordered.'" (quoting Ex parte Johnson Land Co., 561 So. 2d at 508)).

However, as explained above, the circuit court's June 21, 2023, order did not actually purport to grant Jenkins's March 21, 2023, postjudgment motion. The circuit court's June 21, 2023, order actually purported to deny Jenkins's March 21, 2023, postjudgment motion and purported to grant his April 28, 2023, "motion for clarification." Thus, the precise question presented is whether, on June 21, 2023, the circuit court retained jurisdiction to grant Jenkins's April 28, 2023, "motion for clarification," notwithstanding the denial of Jenkins's March 21, 2023, postjudgment motion by operation of law on June 20, 2023. To resolve that question, we begin by considering the nature of Jenkins's April 28, 2023, "motion for clarification."

Jenkins's "motion for clarification" did not specify a ground for the relief requested therein. "This Court is committed to the proposition that it will treat a motion … and its assigned grounds according to its

substance." <u>King Mines Resort, Inc. v. Malachi Mining & Mins., Inc.</u>, 518 So. 2d 714, 718 (Ala. 1987). In summary, Jenkins's "motion for clarification" asked the circuit court to enter an order clarifying whether its February 22, 2023, judgment applied to all the defendants, including Larry; clarifying whether the February 22, 2023, judgment was final; if it was not final, clarifying whether it should be certified as final pursuant to Rule 54(b), Ala. R. Civ. P.; and clarifying whether the circuit court had properly treated the City defendants' August 17, 2022, motion as a motion for a summary judgment.

Essentially, Jenkins's "motion for clarification" asked the circuit court to alter, amend, or vacate its February 22, 2023, judgment to answer the questions Jenkins had raised in the motion. Substantively, the "motion for clarification" was thus a Rule 59(e) motion. <u>See</u> <u>Baker v. Ball</u>, 473 So. 2d 1031, 1035 (Ala. 1985), overruled on other grounds by <u>Pierce v. Orr</u>, 540 So. 2d 1364 (Ala. 1989)("Because the … motion to 'rescind, revise or clarify' is not specifically recognized in Alabama, the[] motion must be treated as being a motion to alter, amend, or vacate a judgment pursuant to Rule 59(e), Ala. R. Civ. P."). Consequently,

21

Jenkins's April 28, 2023, "motion for clarification" was substantively a second Rule 59(e) motion.

> "'Rule 59.1 has been held to apply separately to each distinct <u>timely</u> filed postjudgment motion so as to afford the trial court a full 90-day period to rule on each separate motion.' <u>Roden v. Roden</u>, 937 So. 2d 83, 85 (Ala. Civ. App. 2006)(citing <u>Spina v. Causey</u>, 403 So. 2d 199, 201 (Ala. 1981))."

<u>Jakeman v. Lawrence Grp. Mgmt. Co.</u>, 82 So. 3d 655, 659 (Ala. 2011)(emphasis added).

Jenkins's "motion for clarification" was filed on April 28, 2023, which was more than 30 days after entry of the circuit court's February 22, 2023, judgment. Thus, Jenkins's "motion for clarification" was untimely. Consequently, the circuit court lacked jurisdiction to grant that motion. <u>See</u> <u>Burgess v. Burgess</u>, 99 So. 3d 1237, 1239-40 (Ala. Civ. App. 2012)("In this case, the husband timely filed his August 11, 2011, postjudgment motion within 30 days of the entry of the July 29, 2011, final divorce judgment. However, the wife's August 30, 2011, motion was filed 32 days following the entry of the July 29, 2011, divorce judgment. Accordingly, the August 30, 2011, motion filed by the wife, purportedly pursuant to Rule 59(e), was not timely filed, and, therefore, the trial court had no jurisdiction to rule on the wife's motion."). Therefore, the circuit

22

court's June 21, 2023, order purporting to grant Jenkins's "motion for clarification" and purporting to reinstate Jenkins's claims against Thurmond and Larry was a nullity. See Burgess, 99 So. 3d at 1240 ("Thus, that part of the trial court's October 24, 2011, order awarding the relief the wife requested in her untimely postjudgment motion was void for want of jurisdiction. See J.B. v. A.B., 888 So. 2d 528, 532 (Ala. Civ. App. 2004)('An order entered by a trial court without jurisdiction is a nullity.').").

Relatedly, Jenkins's untimely "motion for clarification" did not affect the time for appealing from the circuit court's February 22, 2023, judgment. In Thompson v. Keith, 365 So. 2d 971, 973 (Ala. 1978), this Court considered an appellant's argument that her January 10, 1978, "amended" Rule 59 motion should be construed as "a separate post-trial motion." Regarding that argument, the Court reasoned:

> "[W]e need only direct the plaintiff to Rule 59(b), (e), A[la.] R[.] C[iv.] P. That rule requires that a motion for new trial, and a motion to alter, amend or vacate a judgment be filed not later than 30 days after the entry of judgment. In this case judgment was entered on November 10, 1977. Therefore 30 days from that date the time in which to make a timely post-trial motion under this rule had run. As we have shown Rule 4(a)(3), A[la.] R[.] A[pp.] P[.,] instructs that only a post-trial motion filed pursuant to Rules 50, 52, and as in this case, Rule 59 will toll the period for appeal. See also Seale v. Seale, 339

23

So. 2d 1028 (Ala. Civ. App. 1976), <u>cert. den.</u> 339 So. 2d 1029 (Ala. 1976).  Here the only timely post-trial motion filed was the motion for new trial of December 2, 1978.  Hence only that motion could affect the time for appeal and when that motion was denied on January 10, 1978[,] the period for appeal under Rule 4, A[la.] R[.] A[pp.] P[.,] began to run."

Similarly, in this case, Jenkins's April 28, 2023, "motion for clarification" -- which was substantively a Rule 59(e) motion -- was filed more than 30 days after entry of the circuit court's February 22, 2023, judgment.  The only timely Rule 59(e) motion that Jenkins filed was his March 21, 2023, postjudgment motion.  Consequently, the only motion that could affect the time for Jenkins to appeal was his March 21, 2023, postjudgment motion, and, when that motion was denied by operation of law on June 20, 2023, the time for taking an appeal from the circuit court's February 22, 2023, judgment under Rule 4, Ala. R. App. P., began to run.

As noted, Jenkins did not appeal from the circuit court's February 22, 2023, judgment.  On November 3, 2023, Jenkins filed a notice of appeal from an October 5, 2023, order of the circuit court that purported to enter a summary judgment for Thurmond; this Court docketed the appeal as case no. SC-2023-0807.  Because the circuit court's October 5, 2023, order did not address Jenkins's claims against Larry, which the

24

circuit court's June 21, 2023, order had purported to reinstate, this Court issued a show-cause order instructing Jenkins to explain "why th[e] appeal should not be dismissed as arising from a non-final order ...." Ultimately, we dismissed the appeal in case no. SC-2023-0807 upon Jenkins's motion asserting that the circuit court had scheduled a hearing regarding Larry's summary-judgment motion.

However, for the reasons explained above, the circuit court's October 5, 2023, order was actually a nullity. See SAI Montgomery BCH, LLC v. Williams, 295 So. 3d 1048, 1054 (Ala. 2019)("'When a postjudgment motion is denied by operation of law, the trial court "is 'without jurisdiction to enter any further order in [the] case after that date.'"'" (quoting Honea v. Raymond James Fin. Servs., Inc., 240 So. 3d 550, 558 (Ala. 2017), quoting in turn Ex parte Limerick, 66 So. 3d 755, 757 (Ala. 2011), quoting in turn Ex parte Davidson, 782 So. 2d 237, 241 (Ala. 2000))). Therefore, this Court should have dismissed Jenkins's appeal in case no. SC-2023-0807 as having been taken from a void order, and we should have instructed the circuit court to vacate its June 21, 2023, order that had purported to reinstate Jenkins's claims against Thurmond and Larry and to vacate all subsequent orders that purported

to adjudicate the claims asserted in Jenkins's complaint. See Roden v. Roden, 937 So. 2d 83, 86 (Ala. Civ. App. 2006)("The trial court's May 6, 2005, order was entered more than 90 days after February 4, 2005, and, as such, is void and will not support an appeal. J.B. v. A.B., 888 So. 2d 528, 532 (Ala. Civ. App. 2004). We therefore dismiss the wife's appeal and direct the trial court to vacate its May 6, 2005, order.").

For all the same reasons, the circuit court's January 18, 2024, order, from which Jenkins has now appealed in case no. SC-2024-0217, is also a nullity. Therefore, that order cannot support Jenkins's appeal. See id. Consequently, we dismiss Jenkins's present appeal in case no. SC-2024-0217, and we instruct the circuit court to vacate its June 21, 2023, order and to vacate all subsequent orders entered in this action purporting to adjudicate the claims asserted in Jenkins's complaint because those orders are nullities. See id.

APPEAL DISMISSED WITH INSTRUCTIONS.

Shaw, Wise, Sellers, Mendheim, Stewart, Mitchell, and Cook, JJ., concur.

Parker, C.J., dissents.

26